# Commercial Bank of Selma *v.* Lee.

99 493
127 300

*Statutory Trial of Right of Property.*

1. *Pledge of warehouse receipt; title acquired*—Where a warehouse receipt given in the name of a factor for cotton stored by him recites the name of the owner, and is afterwards transferred by the factor as collateral security for a note, on which note is indorsed that such "cotton has been advanced upon * * * to its full value" by the factor, the pledgee in receiving the receipt has the equivalent of notice of the true state of the account between the owner and the factor, and becomes the purchaser of only such interest and claim the factor could assert.

2. *Same; not governed by section 1178 of Code.*—Such interest acquired with such notice, is in no sense the character of interest section 1178 of the Code intends to secure and protect in an endorsee of a warehouse receipt.

[Commercial Bank of Selma v. Lee.]

APPEAL from City Court of Selma.

Tried before Hon. H. S. D. MALLORY, Special Judge.

The appellee, W. R. Lee, brought an action of detinue against Phillips & Parrish, warehousemen, to recover five bales of cotton. The cotton was taken in possession by the Sheriff under the writ of detinue, and the Commercial Bank of Selma, as provided by the statute, interposed its claim thereto. Issue was duly formed for the trial of the right of property, and upon the trial judgment was rendered for plaintiff. The facts and circumstances of this case are identical with those of the case of *Commercial Bank v. Hurt, ante* p.130, and the litigation grew out of the same transaction, on the part of the H. C. Keeble Co., which is stated in that case as above reported.

DAWSON & PITTS, for appellants.—The same brief was filed, and the same points raised as in the case of *Commercial Bank v. Hurt, supra.*

Gaston A. Robbins and J. H. Stewart, *contra,* cited the same cases as they did in the case of *Commercial Bank v. Hurt, supra.*

STONE, C. J.—This case is in all material respects precisely like the case of the *Commercial Bank of Selma v. Hurt, ante,* p. 130, decided on a former day of this term—opinion by Walker, J. In that opinion all the facts material to a consideration of this case are presented and commented on.

The claim of the Commercial Bank in the present suit is the same as that asserted by it in its suit against Hurt. In this case the asserted claim to the cotton in controversy is by virtue of the identical indorsement of cotton receipts by the H. C. Keeble Company, which was relied on in that case. The alleged transfer was indorsed on the back of the note which the H. C. Keeble Company gave the Commercial Bank of Selma; and is in the following words: "We hereby transfer two hundred and ninety-eight bales of cotton, marked, numbered and stored as shown in the warehouse receipts, which are herewith transferred and delivered as collateral for the within note, which cotton has been advanced upon by us to its full value; and we hereby authorize the Commercial Bank of Selma to take actual possession of the same at any time they may desire, and to sell the same without notice, at public or private sale, applying the proceeds to the credit of this note." Signed, "*H. C. Keeble Co.*"

Accompanying the indorsement the Keeble Company delivered to the bank warehouse receipts for the cotton

which is the subject of this suit. Those receipts were signed by warehousemen, and in them they acknowledged they had received the cotton from H. C. Keeble Company for storage, at the same time announcing therein that W. R. Lee was the shipper. The receipts also stated that the name W. R. Lee was marked on the cotton. It was an uncontroverted fact on the trial that H. C. Keeble Company was engaged in the sale of cotton as factors for their customers. There was no testimony offered tending to prove the truth of the recital in the indorsement, that H. C. Keeble Company had made advances on the cotton in controversy.

The claim of the Commercial Bank is rested mainly on section 1178 of the Code of 1886, which reads as follows : "The receipt of a warehouseman, on which the words 'not negotiable' are not plainly written or stamped, may be transferred by the indorsement thereof, and any person to whom the same is transferred, must be deemed and taken to be the owner of the property therein specified, so far as to give validity to any pledge, lien, or transfer made or created by such person." This section of the Code of 1886 was doubtless taken from section 6 of the act "To prevent the issue of false receipts," &c., approved February 28, 1881. Sess. Acts, 1880-81, p. 133. The rendering of the statute in the Code of 1886 is not a literal copy of the original statute. Possibly it was the intention to embody the same idea. As expressed in the Code, it may admit of question whether its language is broad enough to place the first indorsee of a warehouse receipt on the high ground claimed for him in this suit. Literally, that statute creates the presumption of ownership in the first indorsee so far only as to give validity to any pledge, lien or transfer made or created "by such person." This language, if interpreted by grammatical rules, only authorizes the person to whom the warehouse receipt is indorsed to pledge or transfer it ; and only upholds the binding efficacy of such pledge or transfer, when made by the indorsee. Thus interpreted, the Commercial Bank can claim no benefit or advantage under that statute, because the pledge or transfer was not made by an indorsee of the warehouse receipts. Possibly the original statute, as enacted by the legislature, is susceptible of a broader interpretation. We need not, however, decide this question. We prefer to place our decision on a different principle.

It will be remembered that in the indorsement on the note, by which the Keeble Company transferred to the Commercial Bank all the title or interest the latter can or does assert to the cotton, is the following language :

"which cotton has been advanced upon by us to its full value." This language clearly and unmistakably shows that the Keeble Company was not the owner of the cotton in absolute right, but that they only claimed to have advanced upon it to its full value. This was notice to the bank that the Keeble Company was not the owner of the cotton, but that it asserted a lien upon it by virtue of advances alleged to have been made by it to the owner. And this notice was strengthened by the recital in the warehouse receipt that Lee was the shipper of the cotton. If this pertinent information had been followed up, the Commercial Bank could not have failed to learn the true title and *status* of the cotton. Notice, sufficient to put one on inquiry, is notice of all that such inquiry will naturally lead to. This leads us to the inevitable conclusion that the bank, in receiving the transfer of warehouse receipts, received them with the equivalent of notice of the true state of the account between the owner and shipper of the cotton and the Keeble Company, the factor for its sale. From this it follows that the bank became the purchaser, not of the cotton, but only of the interest and claim which the Keeble Company owned and could assert. Such interest, acquired with such notice, is in no sense the character of interest which section 1178 of the Code intends to secure and protect in an indorsee of a warehouse receipt. It rests not upon the strength of the indorsement made, but in the confidence the indorsee entertains in the assurance that the cotton had been advanced upon to its full value. The transaction does not fall within the influence of the statute invoked in its support. As said by Mr. Justice Bronson, in discussing this subject in a leading case, "It is impossible to suppose that the legislature intended a factor to commit a fraud upon his principal, by pledging or obtaining advances upon the goods for his own purposes, when the pledgee or person making the advances upon the goods, knew that he was not dealing with the true owner." *Stevens v. Wilson,* 6 Hill. 512 ; s. c., 3 Denio, 472 ; *Warner v. Marlin,* 11 How. 209 ; *Covell v. Hill,* 6 N. Y. 374 ; *Cartwright v. Welmerding,* 24 N. Y. 521 ; *Dows v. Greene,* 24 N. Y. 638 ; *Howland v. Woodruff,* 60 N. Y. 73 ; *Allen v. St. Louis Bank,* 120 U. S. 20 ; *Shaw v. R. R. Co.,* 101 U. S. 557.

There is no error in the record.

Affirmed.

HARALSON, J. not sitting.