# Weil Bros. v. Ponder.

## Action of Trover.

1. *Action of trover; sufficiency of complaint.*—In an action of trover brought by the transferee of a warehouse receipt for cotton, to recover damages for the conversion of said cotton, a complaint which fails to aver that the person from whom the plaintiff obtained the warehouse receipt, or from whom the plaintiff purchased the cotton, was the owner of the cotton, and contains no averments showing that the plaintiff was the owner of the cotton, is insufficient, and subject to demurrer.

2. *Same; same; indorsement of warehouse receipt not necessary to transfer title.*—The indorsement of a warehouse receipt, issued for cotton stored in a warehouse, is not necessary to transfer title to the cotton for which the receipt was given from the holder thereof to a purchaser; and in an action by a purchaser of cotton from the owner who stored it in a

warehouse, where the plaintiff avers the transfer of the warehouse receipts to him, his complaint is not demurrable for failure to aver that the warehouse receipts were endorsed by the vendor to the purchaser. (TYSON, J., *dissenting*).

APPEAL from the Circuit Court of Lee.

Tried before the Hon. N. D. DENSON.

This was an action of trover brought by the appellee, B. F. Ponder, against the appellants, Weil Brothers. The only question presented for review on the present appeal arose upon the rulings of the trial court upon the pleadings.

The complaint as filed contains four counts. The first and third counts were substantially in the statutory form for an action of trover. The second count, after claiming damages for that the plaintiff had bought from certain named parties several bales of cotton specifically described, then averred as follows: "When plaintiff bought the said several bales of cotton, as alleged, at said times, he received from the said several parties the warehouse receipts for same; said receipts were afterwards stolen from plaintiff's possession, and came into the possession of defendant and were appropriated by them, and the cotton which the said receipts represented was gotten by defendants, and by them converted to their own use. Plaintiff has repeatedly demanded of defendants payment for said cotton, and defendants have refused to pay for same."

The fourth count, after claiming damages, averred that the plaintiff bought from certain named parties several bales of cotton specifically described, for which warehouse receipts were issued to the said named parties from whom the plaintiff purchased said cotton, and then averred as follows: "The said warehouse receipts were issued respectively in the name of said vendors. Plaintiff avers that he paid the full value of said cotton at the time of the purchase, and the receipts were delivered to him by the parties as he bought the cotton. That said receipts were stolen from him afterwards, and that the defendants took said cotton, sold it, and shipped it out of the state, and have appropriated the same to their own use. Plaintiff has demanded of the

defendants said cotton, they refuse to deliver the same to the plaintiff's damage as aforesaid."

To the second count the defendants demurred upon the following grounds: 1. It does not aver ownership of the cotton in the plaintiff or that it was property of the plaintiff. 2. Said count does not show that the cotton was ever delivered to plaintiff. 3. Said count does not aver or show that plaintiff either owned or had possession of the cotton alleged to have been converted. 4. It is not alleged that the cotton receipts were ever indorsed to plaintiff.

To the fourth count the defendants demurred upon the following grounds: 1. It does not show that the property alleged to have been converted by plaintiff was the property of plaintiff. 2. It does not aver ownership in plaintiff. 3. It does not allege or show that the cotton was ever delivered to plaintiff. 4. It does not show or aver that the cotton receipts were endorsed to plaintiff.

These demurrers were overruled, and the defendants duly excepted to such ruling. Upon issue joined upon the plea of not guilty, there was judgment rendered in favor of the plaintiff. The defendants appeal, and assign as error the overruling by the court of the demurrers interposed to the complaint.

ROBINSON & DUKE, for appellant.

No counsel marked as appearing for appellee.

TYSON, J.—Counts 2 and 4 do not aver that the persons to whom it is alleged the warehouse receipts were issued and from whom the plaintiff purchased the cotton, were the owners of the cotton. Nor is it otherwise averred that the plaintiff was the owner of it. Those grounds of demurrer interposed to these counts that they do not show title to the property alleged to have been converted should have been sustained.

A majority of the court hold the opinion that an endorsement of the receipts was not necessary to transfer title to the cotton by the vendors to the plaintiff. In this I cannot concur. It will be observed that there

is no averment of property in plaintiff other than such as he acquired by a delivery of the receipts. It may be conceded that independent of any statute regulating their transfer the weight of authority seems to be that a delivery of the warehouse receipt will pass the title to the property which it represents subject, however, to be defeated by the true owner. The receipt merely stands in the place of the property and its delivery is usually regarded as symbolical of the delivery of the property itself. However, we have statutory provisions regulating the transfer of the receipt as a contract and as a representation of the property recited in it. Section 876 of the Code is as follows: "All bonds, contracts and writings for the payment of money or other thing, or the performance of any act or duty, are assignable by indorsement so as to authorize an action thereon by each successive endorsee." That warehouse receipts are contracts, and actions for their enforcement or breach as such are governed by and must be indorsed in accordance with the provisions of the statute cannot be doubted.—*Ala. State Bank v. Barnes,* 82 Ala. 615; *Allen, Bethune & Co. v. Maury,* 66 Ala. 18; *Lehman, Durr & Co. v. Marshall,* 47 Ala. 362.

Section 4222 of the Code not only regulates their negotiability as muniments of title, but restricts their negotiability to those on which the words "not negotiable" are not plainly written or stamped, and strikes down those, which at common law are negotiable, upon which the words "not negotiable" are written or printed —a clear legislative declaration limiting the common law rule. But this is not all that is embodied in this section. It goes further and unmistakably declares the effect of the transfer of the receipts by endorsement made negotiable by it, upon the title to the property derived by such transfer. On this point the language is: "And any person to whom the same is transferred, must be deemed and taken to be the owner of the things or property therein specified, so far as to give validity to any pledge, lien or transfer made or created by such person" by whom it is indorsed. That an indorsement is necessary to pass title to the property as well as to the receipt itself where the suit is against the warehouse-

man, has been several times declared by this court. *Allen, Bethune & Co. v. Maury, supra; Lehman, Durr & Co. v. Marshall, supra; Capehart v. Granite Mills Co.,* 97 Ala. 353; *Baker v. Malone,* 126 Ala. 510.

But it is said that section 4222 simply regulates their negotiability as between the holder of the receipts and the warehouseman. I find no such limitation in the language of the statute. Such a construction, in my opinion, not only offends the provisions of the two statutes above referred to, but is in direct conflict with the construction placed upon section 4222 in the cases of *Commercial Bank of Selma v. Lee,* 99 Ala. 493, and *Commercial Bank of Selma v. Hurt, Ib.* 135, which were not suits against warehousemen, but involve a controversy between the holder of the receipts and the true owner of the cotton. In the latter case it was said: "The purpose is to give *definite legal* recognition to such receipts as true tokens of the possession of the property described in them, and to regulate the manner in which the holder of such a token of posession may, by *assignment* of it, convey his interest *in the property* described as effectually as he could by a transfer and delivery of the property itself. * * * Undoubtedly, it was the the intention of the legislature to facilitate and throw safe-guards around the dealings in personal property by the use of paper representatives of it. To this end the holder of a warehouse receipt is so far treated as the posesssor of the property mentioned in it that his transfer operates in the same manner as the direct delivery of the property itself would do." To the same effect is *Alabama State Bank v. Barnes,* 82 Ala. 607.

Nor can it be said with any sort of consistency, without impairing the force of the cases holding an indorsement necessary to pass the title to the property as well as to the receipt itself, where the suit is against a warehouseman, that the statute is permissive and does not prevent the passing of title and delivering possession in any mode previously effectual before its adoption. To hold this, in this case, because the suit is between third parties, would of necessity result in the overturning of the cases where the suit is against a warehouse-

[Tartt *et al.* v. Negus.]

man.  For if the statute is permissive, and not in contravention of the rule- as existing before its passage, then those decisions are wrong.  If they are right, the necessary result is that the statutes are exclusive, and in contravention of the common law rule.

Reversed and remanded.