# Alabama Great Southern Railroad Co. *v.* Clark.

*Action against Railroad. Company to recover Damages for loss of Cotton by fire caused by Sparks from Locomotive.*

1. *Pleading and practice; sufficiency of plea tested by demurrer; when motion to strike should be sustained.*—The sufficiency of a plea in an action at law should be tested by demurrer and not by motion to strike; since a motion to strike should not be sustained except where the pleading is unnecessarily prolix, irrelevant or frivolous.

2. *Action against railroad company to recover damages for burning of cotton; sufficiency of complaint.*—In an action against a railroad company, a count of the complaint which seeks to recover damages for that "the defendant negligently set fire to and destroyed, to-wit, one hundred and fourteen bales of cotton, the property of the plaintiff, or in which the plaintiff held the equitable or beneficial interest," and which was located at a certain designated place, sufficiently states a cause of action, and is not subject to demurrer upon the ground of the insufficiency of the averments as to the negligence of the defendant, or that it is not shown what the plaintiff's title was, whether it was equitable or legal.

3. *Warehouse receipts; endorsements thereon not necessary to transfer title.*—The endorsements of a warehouse receipt issued for cotton stored in a warehouse is not necessary to transfer title to the cotton, for which the receipt was given, from the holder thereof to a third person to whom the receipt is delivered.

4. *Action against railroad company for negligent burning of cotton; admissibility in evidence of warehouse receipts.*—In an action against a railroad company to recover damages for the

Vol. 136.

[Alabama Great Southern Railroad Co. v. Clark.]

alleged negligent burning of cotton, which was stored in a
warehouse and which was evidenced by warehouse receipts
in the possession of the plaintiff, it is no objection to the in-
troduction in evidence of the receipts held by the plaintiff
that they were issued to another party and were delivered to
the plaintiff without endorsement; it being shown that the
cotton evidenced by such warehouse receipts was purchased
for plaintiff by the party in whose name they were issued and
by whom they were delivered to the plaintiff.

5. *Same; same.*—In such a case, it is no objection to the introduc-
tion in evidenec of the warehouse receipts held by the plain-
tiff, that the name of the warehouseman was signed to such
receipts by another party; such receipts having been signed
and issued by said other party under the personal supervision
and .direction of the warehouseman.

6. *Action against railroad company for damages by fire; admissi-
bility of evidence as to volume of sparks, etc.*—In an action
against a railroad company to recover damages for the burn-
ing of cotton alleged to have been caused by the negligent es-
cape of sparks from a locomotive running on the defendant's
road, it is competent to show the volume of sparks emitted
by said engine and the height to which said sparks were
thrown while switching cars near to and by the warehouse
where the cotton was stored about the time the fire occurred.

7. *Same; admissibility of evidence that said engine caused other
fires.*—In such an action, where the defendant introduced evi-
dence tending to show that the spark arrester and other de-
vices on the engine alleged to have caused the fire were ex-
amined after the fire and found to be in good condition and
were of the kind in use upon well regulated railroads, it is
competent for the plaintiff to introduce evidence that at the
same place where the cotton involved in the suit was burned
and a short time thereafter, while said damaged cotton was
left on the ground near the defendant's railroad, such dam-
aged cotton was several times ignited by the emission of
sparks from the same engine from which the sparks were
emitted which ignited the cotton in question.

8. *Same: admissibility of rule of company in evidence.*—In an
action against a railroad company to recover damages for de-
struction of cotton by fire, alleged to have been caused by the
negligent escape of sparks from a locomotive running on de-
fendant's road, and there is shown no contractual relation be-
tween the plaintiff and the defendant, the degree of care in
the operation of the engine by the defendant in order to pre-

vent the destruction of plaintiff's property by the emission ·of sparks, is that of an. ordinarily prudent man; and it is ·not competent to introduce in evidence a rule adopted by the defendant for the government of.its employes which required of the engineer the exercise of a greater degree of care than . that of an ordinarily prudent man.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellee; J. P. Clark, against the Alabama Great Southern Railroad Company, to recover damages for the alleged negligent burning by the defendant of 114 bales of cotton alleged to be the property of the plaintiff and located at the time of the fire on the premises of the Planters' Warehouse & Commission Company in the town of Eutaw.

The complaint as originally filed . contained three counts to recover $6,500 damages. To each of these counts the defendant pleaded the general issue and five special pleas. In four of these special pleas the defendant set up contributory negligence on the part of the plaintiff or its agent, averring that before the time of the fire the plaintiff had stored the cotton for the bringing of which the present suit was brought, in the warehouse of the Planters' Warehouse & Commission Company for safe keeping; that adjoining and as constituting a part of said warehouse there . was an uninclosed platform which was used by said warehouse company for receiving cotton; that this warehouse and platform were situated on the side of defendant's road; that by reason· of its location the uninclosed platform adjoining said warehouse was not a' reasonably safe place for the storage of cotton, in .that there was a constant danger of cotton on the platform. becoming ignited by .sparks emitted from the· defendant's. engines while passing along by the side of said platform ;.that the fact of this danger and of said platform not being a reasonably safe place for .the storage of cotton was known to the plaintiff and his agents, the warehouse people; that notwithstanding ·these facts the plaintiff's agent, the warehouse company, allowed

or permitted a lot of cotton to be placed on said uninclosed platform and negligently failed to remove the same and negligently allowed the same to remain on the platform, and that while so remaining on said platform a part of said cotton was ignited by sparks emitted from defendant's locomotives and that the fire was communicated to the cotton on said uninclosed platform and was communicated to other cotton in the warehouse, including plaintiff's cotton, which was destroyed. The remaining special plea averred the facts above set out and then averred that the plaintiff, or his agent, the said warehouse company, with knowledge of such facts, and notwithstanding the warning on the part of the defendant of the danger incident thereto, placed said cotton on the uninclosed platform and that by reason of such conduct on the part of the plaintiff or his agent, the plaintiff voluntarily and knowingly assumed the risk of injury by fire communicated by defendant's engines.

The plaintiff by separate motions, moved the court to strike from the file each of the defendant's said special pleas; each of said motions to strike being general and no grounds being stated therefor. The court sustained each of said motions to strike the defendant's special pleas. To such ruling of the court the defendant separately excepted. Thereafter the plaintiff, by leave of the court, amended his complaint by adding two counts as follows:

"4. The plaintiff claims of the defendant the further sum of six thousand, five hundred dollars as damages for that heretofore on, to-wit, the 14th day of March, 1901, the defendant negligently set fire to and destroyed, to-wit, one hundred and fourteen bales of cotton, the property of the plaintiff, or in which the plaintiff held the equitable or beneficial interest, located on the premises of the Planters Warehouse and Commission Company, in the town of Eutaw, Alabama, of the value of, to-wit, five thousand dollars, to plaintiff's great damage as aforesaid.

"5. The plaintiff claims of the defendant the further sum of six thousand and five hundred dollars, as dam-

ages, for that on, to-wit, the 14th day of March, 1901, the defendant was engaged in running or operating a steam engine or locomotive on defendant's track in Greene county, Alabama, and that the plaintiff owned, or held the equitable or beneficial interest in, to-wit, one hundred and fourteen bales of cotton, which said cotton was stored in the warehouse of the Planters Warehouse and Commission Company at Eutaw, Alabama, and which cotton was damaged or destroyed by fire, which fire was communicated to certain bales of cotton which were on the platform adjoining said warehouse; and plaintiff alleges that said fire was communicated to said cotton upon the platform of said warehouse through negligence of the defendant. Plaintiff avers that said cotton was of the value of, to-wit, five thousand dollars, and that by reason of said fire the plaintiff was injured as aforesaid."

To the 4th and 5th counts of the complaint so added by amendment, the defendant's separately. demurred upon the following grounds: "1. For that said count fails to allege or show what duty the defendant owed to the plaintiff in the premises. 2. For that said count is indefinite and uncertain, in that it fails to show this defendant wherein the defendant was guilty of any negligence. 3. For that the negligence in said count is stated merely as a conclusion of the pleader. 4. For that said count is a departure from the original suit, in that it seeks to recover of this defendant for or on account of some beneficial interest in the cotton alleged to have been burned. 5. For that said count is indefinite and uncertain, in that it fails to allege or show what beneficial interest the plaintiff had or claimed in the cotton alleged to have been burned. 6. For that said count is indefinite and uncertain, in that it fails to allege or show to this defendant whether plaintiff claims damages by reason of the destruction of cotton which belonged to the plaintiff or by reason of the destruction of cotton which plaintiff had a beneficial or equitable interest in. 7. For that said count seeks to recover of this defendant for

the destruction of cotton of which he was not the owner, or to which he did not have the legal title or interest."

The court overruled each of the demurrers as interposed separately to the 4th and 5th counts of the complaint, and to each of these rulings the defendant separately excepted. Thereupon the defendant filed the same pleas to the complaint as amended as were filed to the original complaint. The plaintiff moved to strike from the file the several pleas filed to the complaint as amended the court sustained each of these motions, and to each of these rulings the defendant separately excepted.

On the trial of the cause the evidence showed the following facts: The 114 bales of cotton, for the burning of which the present suit was brought, were owned by plaintiff and were stored in the warehouse of the Planters' Warehouse and Commission Company at Eutaw. Fifty-four of these bales of cotton were evidenced by receipts made out to the plaintiff himself or endorsed to him, and 60 of said bales of cotton were evidenced by warehouse receipts made out to parties other than plaintiff, which receipts were in the plaintiff's possession but had not been endorsed by any one. The warehouse where this cotton was stored was built on the side of the track of the defendant and very near thereto. There were bales of cotton piled all along the uncovered platform. A short time prior to the discovery of fire in said cotton, a freight train operated on the defendant's road came to Eutaw and the crew of said train was engaged in switching cars along the tracks of the defendant's road at Eutaw. The day was dry and hot and the wind was blowing hard in the direction from the railroad track towards the warehouse. A very few minutes after the engine, while engaged in switching cars, had passed the warehouse where said cotton was stored, it was discovered that the cotton on the uncovered part of the platform adjoining the warehouse was on fire. From this cotton fire was communicated to other cotton in the warehouse and in the fire 114 bales of cotton owned by the plaintiff was destroyed.

The evidence for the plaintiff tended to show that dur-

ing the switching of the cars along by the side and near to the warehouse where his cotton was stored, there was an unusual quantity of sparks emitted by the defendant's engine; that these sparks were of unusual size; that the fireman was operating the engine and not the engineer, and that the engine was run at a greater rate of speed than was customary.

The evidence for the defendant tended to show that the engineer operated the engine and did so in a careful manner; that he was a competent engineer, and that the engine was equipped with spark arresters and other devices similar to those in use upon well regulated railroads, and that the engine was in good condition.

The warehouse receipts evidencing the cotton owned by the plaintiff and which was burned, were introduced in evidence. The defendant objected to the introduction in evidence of those warehouse receipts which were issued to other persons than the plaintiff and which were not endorsed. The court overruled the objection and the defendant duly excepted. It was shown by the evidence that some of the warehouse receipts held by the plaintiff were not signed by the warehouseman himself, but that his name was signed thereto by other parties. It was shown, however, that when said warehouse receipts were signed and issued by other parties in the name of the warehouseman, they were so signed and issued under the personal supervision of the warehouseman and at the time the cotton represented by them was weighed and received by the warehouseman, and was stored in the warehouse. The defendant objected to the introduction in evidence of the warehouse receipts to which the name of the warehouse was signed by other parties. The court overruled the objection, and the defendant duly excepted.

Several of the witnesses introduced for the plaintiff testified that they noticed an unusually large volume of sparks emitted by the defendant's engine while it was switching cars just before the fire broke out in the cotton; that these sparks ascended to a height of 25 or 30

feet above the engine, and that said sparks were of un-
usual size.  Upon one of said witnesses testifying that
just before the fire when the engine went by the depot
which was a short distance from the warehouse, it was
going very fast, and that he, the witness, could hear the
sparks fall on the tin roof of the depot.  The defendant
moved to exclude the evidence of the witness with refer-
ence to the sparks falling on the top of the roof, on the
ground that it was illegal and irrelevant, and upon the
further ground that the depot was across the track from
the warehouse and not immediately near it.  The court
overruled this motion and the defendant duly excepted.

During the examination of one of the witnesses, who
testified that while the fire was in progress he saw the
engine which had been switching the cars on the track
of the defendant near the fire, and that his attention
was called to it as it was running by, he was asked the
following question:  "What did you observe as to the
emission of sparks at that time?"  The defendant ob-
jected to this question upon the grounds that it called
for irrelevant and illegal evidence, and that it was shown
by the evidence that the fire had already caught and was
in progress at the time.  The court overruled the ob-
jection and the defendant duly excepted.  The witness
answered that he noticed a great many sparks emitted
by the engine; that the sparks were of large size and
were thrown 25 or 30 feet above the smoke stack.

During the examination of two witnesses for the
plaintiff, each of them testified, against the objection
and exception of the defendant that some weeks after
the cotton was burned and while the injured cotton was
spread out on the ground not very far from the tracks
of the defendant, for the purpose of cleaning it and pick-
ing out the uninjured portion of the cotton, such cotton
was fired two or three times by the sparks emitted from
the same engine from which they were emitted when the
cotton involved in this suit was burned at the ware-
house.

During the cross examination of the engineer who
was in charge of the engine which emitted the sparks

that caused the burning of the cotton in question, and after he had testified as to the duties of engineers in operating engines under the rules and regulations of the defendant, he was asked the following question: "Are not they required to refrain from using steam, and enjoined to use it as lightly as possible and not allow their fires to be disturbed in passing cotton platforms and where their trains carry cotton exposed?" The court overruled the defendant's objection to this question, to which ruling the defendant duly excepted; and the witness answered that they were. During the examination of the master mechanic of the defendant's road, and after he had identified the rule book of the defendant company, the plaintiff introduced said book in evidence. The defendant objected and duly excepted to the court's permitting Rule 560 to be introduced, upon the ground that it was incompetent, irrelevant and immaterial. This Rule 560 was in words and figures as follows: "Rule 560. They must use every precaution to prevent the setting of fires by their engines. They must see that the netting, spark arresters and ash pans are in good order. They must refrain from using steam, or use it as lightly as possible, and not allow their fires to be disturbed in passing cotton platforms or other trains carrying exposed cotton and in passing close to wood piles, lumber piles and wooden structures. They must observe these precautions and also keep their dampers closed and not allow the grates to be shaken while passing over wooden bridges and trestles. They must not allow burning coal, wood, waste or hot cinders to be dropped from the engine while in motion; and must keep the rear damper closed while running the engine forward, and the front damper closed while running it backward."

Among the several written charges requested by the defendant, to the refusal to give each of which it separately excepted, was the following: (32.) "The court charges the jury that as to the 60 bales of cotton brought by Ward & Dunlap, the warehouse receipts for which are in the possession of plaintiff, unendorsed, the jury must find a verdict for the defendant."

[Alabama Great Southern Railroad Co. v. Clark.]

There were verdict and judgment for the plaintiff, assessing his damages at $4,977.64. · The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

A. G. & E. D. SMITH, for appellant.—The court should not have stricken out pleas Nos. 2, 3, 4, 5, and 6 interposed to the complaint as originally filed and to the complaint as amended.—*Davis v. R. R. Co.*, 108 Ala. 660; *Lindsay r. Morris*, 100 Ala. 546; *R. R. v. Quick*, 125 Ala. 553; *Brooks v. Cont. Ins. Co.*, 125 Ala. 615; *McAnally v. Hawkins Lumber Co.*, 109 Ala. 397; *Williamson v. Mayer*, 117 Ala. 253; *Murphy v. Farley*, 27 So. Rep. 442; *Marbury Lum. Co. v. R. R.*, 125 Ala. 237; *R. R. Co. v. Miller*, 109 Ala. 500.

The court should have sustained the demurrer of appellant to the fourth and fifth counts of the complaint. *Marbury Lumber Co. v. L. & N. R. R. Co.*, 125 Ala. 237; *R. R. Co. v. Miller*, 109 Ala. 500; *A. G. S. R. R. Co. v. Johnston*, 128 Ala. 283.

The court should have sustained the objection of the appellant to the introduction of the sixty cotton receipts which were not issued to appellee and not endorsed. Code of 1896, § 876; *Bank v. Barnes*, 82 Ala. 615; *Allen r. Maury*, 66 Ala. 18; *Lehman v. Marshal*, 47 Ala. 362; *Capehart v. Granite Mills*, 97 Ala. 353; *Baker v. Malone*, 126 Ala. 51; *Bank v. Lee*, 99 Ala. 493; *Bank v. Hurt*, 99 Ala. 135; *Danforth v. McElroy*, 121 Ala. 186.

The court should not have permitted evidence to be introduced as to the amount of sparks which fell on the roof of the depot, as to the height the sparks were emitted just after the fire, or as to other fires started by engine 103 at a subsequent time or times.—*M. & A. of Birmingham v. Star*, 112 Ala. 98; *L. & N. v. Miller*, 109 Ala. 508; *Alabama Lumber Co. v. Keel*, 125 Ala. 603; *Southern Ry. Co. v. Plott*, 31 So. Rep. 33; *Seibert v. McManus*, 104 La. 404; *Decatur Car Wheel & Mfg. Co. v. Mehaffey*, 29 So. Rep. 646; *Tesney v. State*, 77 Ala. 33.

The court should not have permitted evidence to be introduced as to the rules and requirements of appellant

concerning the manner in which its engineer should handle engines near cotton platforms.—*Commonwealth v. Lancaster,* 56 Watts, 156; *Speer v. Plank Road Co.,* 22 Pa. 376; *McGraw v. Wheaton,* 69 Iowa, 348; *R. R. Co. v. Gill,* 11 L. R. A. 452; *Zeiler v. R. R.* Co., 34 L. R. A. 469; *McDonnell v. State,* 80 Wis. 407; *Magenau v. Fremont,* 9 L. R. A. 786.

VANDEGRAAFF & VERNER, J. P. McQUEEN, and HARWOOD & McKINLEY, *contra.*—The several pleas of defendant imputing alleged negligence of the warehouseman in whose building the plaintiff's cotton was stored to the plaintiff were each and all in legal effect fatally defective in substance—no amendment could make them good—and are therefore properly to be classed and disposed of as "frivolous," which in the law of pleading simply means unsubstantial or trifling. The defense of contributory negligence is not based upon any consideration for defendants but is founded upon the policy of making the personal interests of both parties concerned in the litigation dependent upon their own prudence and care and the impolicy of allowing parties to recover for what is in part at all events the consequence of their own wrong. There is no just ground for imputing the negligence of a warehouseman to his customer.—*Ga. Pac. R. R. v. Hughes,* 87 Ala. 610; *Elyton Land Co. v. Minge,* 89 Ala. 521; *Otis v. Thorn,* 23 Ala. 469.

See also especially the case more nearly resembling that at bar than any other we have found—arising out of injury to property hired, while in the possession of the hirer,—*New Jersey Electric Ry. Co. v. N. Y., L. E. & W. R. R. Co.,* 43 L. R. A. 849; s. c. 61 New Jersey, 237.

The demurrers to the fifth and sixth counts of the complaint were properly overruled.—*Marbury L. Co. v. L. & N. R. R.,* 125 Ala. 237.

The legal title to cotton stored in a warehouse and for which receipts are issued may be passed if such was the intention of parties without an indorsement of the receipts. The symbol does not so far dominate the thing itself, as to prevent this.—*Weil v. Ponder,* 127 Ala. 296.

DOWDELL, J.—The sufficiency of a plea in law should be tested by demurrer and not by a motion to strike. Were it otherwise a motion would be made to take the place of a general demurrer, which has been abolished in pleading by statute, (section 3303 of Code of 1896), and furthermore, such practice would leave no office to be performed by a special demurrer in pleading, as is contemplated in the above statute. Section 3286 provides for a motion to strike, where the pleading is *"unnecessarily prolix," "irrelevant,"* or *"frivolous."* The motion to strike in the present case was general, no ground being stated, nor as for that matter, is it necessary to state the grounds of a motion to strike, where motion is the proper remedy. It cannot be said that the pleas which were stricken, were either unnecessarily prolix, or irrevelant, or frivolous. If the facts stated in these pleas were insufficient in law to constitute a valid defense to the action, it was the office of a special demurrer to point out the defect, and by so doing, inform the pleader wherein the insufficiency existed, thereby affording an opportunity of amendment, if susceptible of amendment. The circuit court erred in sustaining the motion to strike.—*Troy Fertilizer Co. v. State of Alabama,* 134 Ala. 333; *Brooks v. Continental Ins. Co.,* 125 Ala. 615; *Murphy v. Farley,* 124 Ala. 279; *Williamson v. Mayer,* 117 Ala. 253.

There was no error in the court's ruling on the demurrer to the fourth and fifth counts, which were added by way of amendment to the complaint. The first three grounds of the demurrer raise the question of the sufficiency of the averment as to negligence in these counts. This question has been recently determined by this court and adversely to the contention of the appellant.—*Marbury Lumber Co. v. L. & N. R. R. Co.,* 125 Ala. 237. The other grounds of demurrer are also untenable. The gist of the action is the negligent burning by the defendant of the cotton, and whether the plaintiff's title to the cotton is an equitable or legal title is unimportant, as in either case the right and cause of action would be the same. Of the cotton destroyed, sixty bales were pur-

chased for the plaintiff by a third party with money furnished by the plaintiff for the purpose. The warehouse receipts for these sixty bales were issued in the name of such third party, and by him delivered to the plaintiff, but without indorsement. The legal title to this cotton vested in the plaintiff at the time his agent purchased the same and paid for it with plaintiff's money, and the storing of it in the warehouse and taking the receipts in the agent's name did not operate a divestiture of the legal title out of plaintiff.—*Weil v. Ponder*, 127 Ala. 296. There was no merit in the objection to the admission of these receipts in evidence upon the theory that they showed the legal title to the cotton to be in another than the plaintiff. Nor was there any error in admitting in evidence the warehouse receipts, to which the name of the warehouseman was signed by another party. These receipts were signed and issued under the personal supervision of the warehouseman, and at the time the cotton represented by them was weighed and received.

It was clearly competent to show the volume of sparks emitted by the defendant's engine and the height to which such sparks were thrown, while switching cars near to and by the warehouse, at or about the time the fire occurred.—*A. G. S. R. R. Co. v. Johnson*, 128 Ala. 283; *Marbury Lumber Co. v. L. & N. R. R. Co.*, 125 Ala. 237.

The evidence as to other fires caused by the emission of sparks from this particular engine at the same place and so recently after the fire complained of, in the damaged cotton left on the ground, in connection with the evidence that other engines passed and repassed the same place, without setting the cotton on fire, was relevant and competent in rebuttal of the testimony of the defendant's witnesses as to the condition in which they found the spark arrester and other parts of the engine upon their examination after the fire.

There existed no contractual relations between the plaintiff and the defendant, and the degree of care in the operation of the engine in order to prevent the destruc-

[Wilkinson *et al.* v. Lehman-Durr Co.]

tion of plaintiff's property by the emission of sparks from the defendant's engine, was that of an ordinarily prudent man. By this rule of law, and not by any rules of the defendant company regulating the conduct of its agents or employes in the operation of its engines, must the question of negligence be determined. By rules adopted for the government of its employes in the management of its internal business, the defendant company could not lessen the degree of care which the law requires and it would be unreasonable to hold the defendant to a higher degree of care than the law imposes, because in its rules, in order to more thoroughly guard against accidents, it exacted an unusual or extraordinary degree of care of its employes. The rule of the company introduced in evidence over the objection of defendant, and which was made for the government of its employes required the exercise of a greater degree of care than that of an ordinarily prudent man—it required the exercise of *every* precaution. This evidence was not without prejudice to the defendant, and its admission was error.

Of the several written charges refused to the defendant, only one, the 32d, is insisted on in argument. This charge involves a proposition of law, relative to the sixty bales of cotton purchased by plaintiff's agent, and which we have already considered, and it follows from what we have said, that the court properly refused the charge.

For the errors pointed out the judgment of the circuit court will be reversed and the cause remanded.