(85 South. 372)

LOUISVILLE & N. R. CO. v. JOHNSON.
(6 Div. 939.)

(Supreme Court of Alabama.   April 8, 1920.)

1. Railroads ☞5½, New, vol. 6A Key-No. Series—Suit for injuries on track properly brought against company under federal control.

Under U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j, suit for injuries to plaintiff, walking along a railroad's track on the cross-ties outside of the rails when struck by a train, was properly brought against the railroad company, although under federal control.

2. Railroads ☞394(1) — Count of complaint held sufficient in alleging negligence and proximate cause.

In an action against a railroad for injuries to plaintiff, while walking along its track on the cross-ties outside of the rails when struck by a train, count 1 of the complaint held sufficient in its allegation of negligence on the part of the railroad's servants in charge of the train and its proximate causation of the injury.

3. Railroads ☞400(6) — Whether engineer should have blown whistle to warn track walker held jury question.

In an action against a railroad for injuries to plaintiff, while walking on its track when struck by a train, whether it was the engineer's duty to blow the whistle as a warning, whether or not he did so, and whether, had he done so as soon as possible after discovering plaintiff, plaintiff could have been warned in time, held for the jury.

4. Railroads ☞400(10)—Whether pedestrian struck by train negligent a jury question.

Whether plaintiff, walking on track, injured when struck by defendant railroad's train, was negligent in not conserving his safety after he became aware of his immediate peril, held for the jury.

5. Trial ☞260(1)—Instructions need not be repeated on request.

Charges requested by defendant appellant, substantially covered by other written charges, as well as the general oral charge, were properly refused.

6. Railroads ☞401(5)—Charge faulty in not predicating blowing of whistle promptly after discovery of peril.

In an action against a railroad for injuries to plaintiff, walking on track, struck by a train, the railroad's requested charge that, if the jury was left in doubt as to whether the whistle was blown by the engineer, plaintiff had failed to discharge his burden of proof, and verdict must be for the railroad, held faulty in not predicating the blowing of the whistle with reasonable promptness after discovery of plaintiff's peril.

7. Trial ☞314(1)—Sending jury back after report of inability to agree and statement of hunger not coercion.

In an action against a railroad for injuries on its track, court did not coerce jury in sending them back for further deliberation, with exhortation to try to agree, where, after being out six hours, they reported they were unable to agree on amount of verdict, were "awful hungry," and would like to get off some way or other, particularly where, on second report of inability to agree, they were allowed to dine and thereafter did agree.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by Lannie Johnson, by next friend, against the Louisville & Nashville Railroad Company, for damages for personal injuries. From judgment for plaintiff, defendant appeals. Affirmed.

The following is the complaint:

Count 1: "Plaintiff claims of the defendant the sum of three thousand dollars damages, for that on, to wit, the 17th day of February, 1918, the defendant was engaged in operating a railroad in Cullman county, Alabama, and running the trains thereon for the transportation of passengers and freight; that on said day and date one of defendant's trains, consisting of an engine and cars thereto attached, was being run and operated on said railroad in this county by its servants and agents, and plaintiff avers that on said day and date he was walking along or was on the defendant's railroad track in said county, going in a northerly direction, and that said train was also being run in a northerly direction by the agents and servants of

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the defendant, approaching the plaintiff from behind; that plaintiff at said time and place was put in peril of his life or of great bodily harm by said approaching train; that the agents or servants in charge of said train, or some of them, saw plaintiff's said peril; that after discovery of plaintiff's said peril the agents or servants in charge of said train so negligently and carelessly conducted themselves in and about the management of said engine and train that said engine was caused, by reason of such negligence, to run upon plaintiff and injure him, and as a proximate consequence of same plaintiff was badly bruised. [Here follows catalogue of injuries.]"

Count 4 is the same as 1, except it alleges the negligence to have been that of John Cobb, in charge of the engine pulling said train, and after the discovery of plaintiff's said peril by said engineer the said engineer in charge of said train negligently failed to blow the whistle or sound the alarm on said engine, and as a proximate consequence of said negligence the said engine was caused to run against or upon plaintiff, thereby causing him to suffer the injuries complained of.

Charge 24, refused to the defendant, is as follows:

"I charge you, gentlemen of the jury, if your minds from the evidence are left in a state of uncertainty and doubt as to whether the whistle was blown by the engineer, then, under the law, the plaintiff has failed to discharge the burden cast upon him under count 4 of the complaint, and your verdict must be for defendant as to count 4. * * *"

A. A. Griffith, of Cullman, and Eyster & Eyster, of Albany, for appellant.

Counsel discuss the pleadings, but they cite no authorities. They insist the defendant was entitled to the affirmative charge as to each count of the complaint, first, because the train which caused the injury was being operated by the Director General of Railroads; second, plaintiff failed to establish the negligence of the engineer or any other employé of the defendant and, third, plaintiff was guilty of negligence concurrent with the negligence of the employé. To the first proposition they cite (D. C.) 254 Fed. 880; to the second proposition they cite 164 Ala. 110, 51 South. 147; 153 Ala. 235, 45 South. 238, 16 L. R. A. (N. S.) 301; 169 Ala. 308, 53 South. 805; to the third proposition they cite 195 Ala. 422, 70 South. 753; 178 Ala. 619, 59 South. 464; 169 Ala. 311, 53 South. 805; 156 Ala. 277, 47 South. 84.

F. E. St. John, of Cullman, for appellee.

Count 1 was sufficient. 153 Ala. 133, 45 South. 51; 177 Ala. 349, 58 South. 392. The act of Congress permits suits against the railroad, although being operated by the federal government. The other questions are ruled by the case of L. & N. R. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790.

SOMERVILLE, J. [1] The plaintiff was struck and injured by one of the defendant's fast passenger trains approaching him from behind, while he was walking along defendant's track on the cross-ties outside of the rails. The suit is properly brought against the defendant company under the authority of the act of Congress of March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j).

[2] Counts 1, 3, and 4 went to the jury, and each count is based upon a charge of negligent omission of duty after the discovery of plaintiff's peril. Count 1 is sufficient in its allegation of negligence on the part of defendant's servants in charge of the train, and its proximate causation of the injury complained of. So. Ry. Co. v. Stewart, 153 Ala. 133, 45 South. 51. The demurrer to that count was properly overruled.

The real issue in the case was under count 4, which charged that one Cobb, the engineer, in charge, after his discovery of plaintiff's peril, negligently failed to blow the whistle or sound the alarm on his engine, in consequence of which the engine was caused to run upon plaintiff. Indeed, no evidence was offered to show any other negligence.

[3] While the testimony offered by defendant to show that its engineer blew the whistle promptly and continuously when he first saw plaintiff on the track about 200 feet away was positive, and to our minds convincing, there was other testimony, though mostly of a negative character, from which the jury might have inferred that the whistle was not blown. Our reading of the evidence convinces us that it was a question of fact for the jury to determine whether it was or was not the engineer's duty to blow the whistle as a warning, and whether or not he did so, and also whether or not, if he had done so at the earliest possible moment, its warning would have reached plaintiff in time to enable him to escape the injury. We so held in the companion case of L. & N. R. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790, where the plaintiff, Phillips, was killed by the same train at the same time and place, and where the evidence on this issue was substantially the same as here. These questions are discussed to the same conclusion in A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 279, 47 South. 84. We do not overlook appellant's suggestion that, as the train was running down grade at 45 miles an hour, and would have covered the 200 feet of distance to plaintiff in approximately 3 seconds, the sound of the whistle could not have reached plaintiff in time to warn him of the danger and allow him to escape it. The argument is plausible enough, but we would not venture to affirm it as a conclusion of law, especially as the speed of the train must have been materially slackened by the prompt application of the air-brakes.

[4] Whether or not plaintiff was guilty of

contributory negligence, in not conserving his safety after he became aware of his immediate peril, was, under the circumstances shown, very clearly a question for the jury. The general affirmative charges for defendant, as severally requested, were properly refused.

[5, 6] Charges 9 and 17, refused to defendant, were substantially covered by other written charges, as well as by the general oral charge. Charge 24 was faulty in not predicating a blowing of the whistle with reasonable promptness after the engineer discovered plaintiff's peril. It appears that all the issues were fairly submitted to the jury under appropriate instructions.

[7] The jury, after being out about six hours, reported to the court that they were unable to agree on the amount of their verdict for the plaintiff, and that they were "awful hungry" and would like to get off "some way or other." The court sent them back for further deliberation, with an exhortation to try to reach a conclusion. Defendant's counsel excepted to "their being in the jury room six hours without eating, and to their being sent back." We cannot hold the action of the trial court as erroneous or improper. While a sentimental philosopher has asserted that "hope deferred maketh. the heart sick," it can hardly be assumed that a brief postponement of their gastronomical satisfaction operated as coercive cruelty upon the minds of the jury, so as to affect or restrain the freedom of their verdict. Moreover, the record shows that upon their second report of their inability to agree, they were allowed to dine, whereupon they deliberated again, and agreed.

We find no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.