ATLANTA & ST. A. B. R. CO. v. SPIVEY.
(4 Div. 121.)

(Supreme Court of Alabama. May 22, 1924. Rehearing Denied June 26, 1924.)

1. Railroads ⬤⟲478(1)—Complaint for negligent fire held sufficient on demurrer.

In action against a railroad company for burning property, complaint *held* sufficient on demurrer.

2. Railroads ⬤⟲481(2)—Evidence sparks from engine set other fire held competent.

In action against a railroad company for loss by fire set by sparks from engine, testimony that the engine emitted sparks and set a fire one-half mile beyond plaintiff's property at the same time and occasion was competent.

3. Appeal and error ⬤⟲1050(1)—Asking witness what day he had a fire not prejudicial.

In an action against a railroad company for burning property, asking a witness what day he had a fire, nothing indicating that the witness' property was destroyed by fire caused by defendant, was not prejudicial.

4. Railroads ⬤⟲481(1)—Exclusion of proof property burned was insured held proper.

In an action against a railroad company for burning property, where nothing indicated that insurance of the property was material, exclusion of proof of insurance was proper.

5. Evidence ⬤⟲317(10)—Rejection of hearsay testimony of federal inspection of engine held proper.

In an action against a railroad company for destruction of property by fire set by sparks from an engine, exclusion of testimony that the engine in question had been inspected and approved by the federal government, was proper; evidence of such approval being based on hearsay.

6. Railroads ⬤⟲481(8) — Evidence engine emitted sparks and cinders competent.

In an action against railroad for burning property, it was competent to show that as train passed plaintiff's property the engine was emitting sparks and cinders.

7. Appeal and error ⬤⟲1058(2)—Sustaining objection to question to witness who had been examined thoroughly not reversible error.

In action against a railroad company for burning property, where a witness for defendant testified, was cross-examined, examined again by defendant, again cross-examined for plaintiff, and re-examined by defendant, it was not reversible error to exclude an answer to the question as to whether the witness was noticing carefully and looking for fire.

8. Appeal and error ⬤⟲1058(2)—Sustaining objection to question covered by other testimony held not prejudicial.

In action against railroad company for burning property, including peanuts, where a witness testified as to the market value per ton of peanuts picked and ready for market, and as to their value unpicked, excluding his

answer as to what it was worth to pick a thousand pounds was not prejudicial.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action for damages by G. J. Spivey against the Atlanta & St. Andrews Bay Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The complaint is as follows:

"Count 1. Plaintiff, G. J. Spivey, claims of the defendant, Atlanta & St. Andrews Bay Railroad Company, a corporation, $1,600 damages, which damages were caused by fire from engine operated by the defendant, whereby said sum of $1,600 damages was caused by said defendant to the plaintiff by reason of said fire, whereby the following property of the plaintiff, to wit: One gin house; two 70-saw gin stands; one double box cotton press; one water steam pump and jack; 3,000 feet of lumber; and one ton of peanuts—was wholly destroyed on, to wit, the 14th day of December, 1920, all caused by negligence of the defendant, and by reason of said fire said plaintiff was damaged to the amount of said sum of $1,600; wherefore plaintiff brings his suit.

"Count 2. Plaintiff claims of the defendant the further sum of $1,600 damages, for that, whereas, on, to wit, the 14th day of December, 1921, the defendant was engaged in running or operating a steam engine or locomotive on its tracks in Houston county, Ala., and the plaintiff owned the following property: One gin house; two 70-saw gin stands; one double box cotton press; one water pump and jack; 3,000 feet of lumber; and one ton of peanuts—at or near Keyton Siding, in Houston county, Ala., which said property already described herein was totally destroyed by fire, which fire was communicated to the plaintiff's said property from the engine or locomotive operated by the defendant, whereby said sum of $1,600 damages was caused by said defendant to said plaintiff by reason of said fire—all caused by the negligence or carelessness of the defendant in operating or running said engine or locomotive; wherefore the plaintiff sues."

To each count of the complaint defendant interposed the following grounds of demurrer:

"First. Because the facts set forth in said count do not state a cause of action against this defendant.

"Second. Because the facts set forth in said count fail to show that the defendant wrongfully or negligently burned or caused to be burned any of the property mentioned in said count.

"Third. Because said count fails to set forth facts which show that the defendant owed the plaintiff any duty which it violated and which violation resulted in the burning of any of the property mentioned in said count.

"Fourth. Because said count does not set forth facts which show that the defendant was wrongfully, negligently, or carelessly operating the engine which caused said property to be burned or communicated the fire to said property.

"Fifth. Because said count fails to set forth facts which show that the property mentioned in said count was near to or in close proximity to defendant's road or engine at the time of said fire.

"Sixth. Because said count fails to set forth facts which show how or in what manner the defendant's negligence caused any of the property mentioned in said count to be burned.

"Seventh. Because said count fails to set forth facts which show or to allege that the property mentioned in said count was burned in the state of Alabama."

Espy & Hill, of Dothan, for appellant.

The facts set forth in the complaint fail to show that plaintiff's property was on defendant's right of way or in close proximity to its railroad. A. G. S. v. Johnson, 128 Ala. 284, 29 South. 771; Irween's Case, 2 Ala. App. 552, 56 South. 769. The fact that sparks and fire were emitted at one place is not admissible in a suit for fire at a different place. B. R., L. & P. Co. v. Hinton, 141 Ala. 611, 37 South. 635; B. R., L. & P. Co. v. Martin, 148 Ala. 15, 42 South. 618; A. G. S. v. Clark, 136 Ala. 462, 34 South. 917; Farley v. M. & O., 149 Ala. 557, 42 South. 747; Stonewall's Case, 177 Ala. 327, 58 South. 313, Ann. Cas. 1915A, 947; Slade's Case, 192 Ala. 568, 68 South. 869; Stanley's Case, 186 Ala. 95, 65 South. 39.

Lee & Tompkins, of Dothan, for appellee.

Counsel discuss the questions raised, but without citing authorities.

GARDNER, J. Suit by appellee against appellant to recover damages for the destruction of plaintiff's property by fire alleged to have been negligently communicated thereto by defendant.

[1] We are of the opinion the complaint was not subject to the demurrers interposed thereto. L. & N. R. R. Co. v. Marbury Lbr. Co., 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; A. G. S. R. R. Co. v. Clark, 136 Ala. 450, 34 South. 917; B. R., L. & P. Co. v. Hinton, 141 Ala. 609, 37 South. 635; B. R., L. & P. Co. v. Martin, 148 Ala. 9, 42 South. 618.

[2] Plaintiff offered testimony tending to show his property was ignited by sparks from the engine of defendant's train passing this location something after the noon hour on December 14, 1921, and that smoke and cinders were emitted in unusual quantities.

Defendant's theory was, in substance, that the fire did not originate from sparks from its engine, and also that the engine was properly equipped and operated, and emitted no sparks.

Plaintiff was permitted to show by one Herring that this same train passed him on the same occasion, about one-half mile above where plaintiff's property was destroyed, and some trash was there ignited by sparks from the engine. We think it was competent for

plaintiff to show that this particular engine continued to emit sparks to such an extent as to set fire to the trash one-half mile beyond plaintiff's property at the same time and occasion. 33 Cyc. 1374.

The authorities relied upon by counsel for appellant (33 Cyc. 1371; A. G. S. R. R. Co. v. Johnston, 128 Ala. 283, 29 South. 771; and Farley v. M. & O. R. R. Co., 149 Ala. 557, 42 South. 747) are not in conflict with the conclusion which we have reached. Here, as heretofore stated, the proof was as to the particular engine on this identical occasion emitting sparks only a very short distance from the place where the plaintiff's property was destroyed; and we think the evidence was admissible under the authorities generally as indicated in the note in 33 Cyc. p. 1374, supra, as well also our own case of A. G. S. R. R. Co. v. Clark, 136 Ala. 450, 34 South. 917. The Farley Case, supra, dealt more with the question of the affirmative charge.

[3] For the purpose only of fixing the time in the mind of witness, plaintiff's counsel was permitted to ask the witness Mixon what day it was he had a fire. We see nothing in this of prejudicial effect to the defendant. There is nothing in this record indicating that Mixon's property had been destroyed by fire caused by the defendant, and any such inference would be highly speculative and without foundation in this record.

[4] There is nothing in this record indicating in the least that the insurance by the plaintiff of his property was material in the trial of this cause, and the objection to this proof was properly sustained. 33 Cyc. 51.

[5] The defendant offered to show that the federal government inspects engines of the railroads, and that defendant's engines, including the one here in question, had been inspected and approved. So far as the record here discloses, any such evidence of approval would be based upon hearsay, and we are of the opinion the court committed no error in sustaining objections to these questions.

[6] It was clearly competent for the plaintiff to show that as the train passed plaintiff's property the engine was emitting sparks and cinders, and the assignments of error based upon objection to such proof are not well taken.

[7] One Turner, a witness for the defendant, testified on direct examination, was cross-examined, and examined again by counsel for defendant, again cross-examined by counsel for plaintiff, and re-examined by defendant's counsel. Clearly, the extent of further re-examination of this witness by counsel for the defendant was a matter resting largely in the discretion of the court, and no reversible error was committed in sustaining the objection to the question asked the witness as to whether or not he was noticing carefully and looking for fire.

[8] The action of the court in sustaining objection to defendant's question on cross-examination of the plaintiff as to what it was worth to pick a thousand pounds of peanuts was clearly without prejudicial effect. The question was in substance answered on redirect examination of the witness, as it appears from his testimony that the market value of a ton of peanuts was $80 per ton, picked and ready for the market, but only half of that value unpicked and on the vine, and that the peanuts on the vine were worth only $40 per ton.

We have considered the various assignments of error argued by counsel in brief, and, finding no reversible error, the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.