(120 So. 914)

## WHITE v. THORINGTON. (3 Div. 873.)

Supreme Court of Alabama. Jan. 17, 1929.

Rehearing Denied March 28, 1929.

Ball & Ball, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

ANDERSON, C. J. ■ The complaint, among other things, charges that the plaintiff "was put and continues to be put to great expense in the employment of doctors and nurses and the paying of hospital bills, and the buying of medicines; for all of which she claims damages as aforesaid." We see nothing so vague and indefinite about this averment as would subject it to the defendant's eighth ground of demurrer, even if the question could be so raised, as a motion to strike, an objection to the evidence or special charges seems to be the proper method of eradicating nonrecoverable damages. Cassells' Mill v. Strater Bros. Grain Co., 166 Ala. 274, 51 So. 969: Michie's Digest, p. 668, § 122.

■ Dr. Blue had testified as to the nature and character of an operation that could perhaps improve or relieve the wounded arm to some extent, and the plaintiff had the right to prove the reasonable cost of such an operation, and the complaint was not only broad enough but explicit enough to cover the cost of same as an element of recoverable damages. Moreover, the witness did not answer as to any fixed amount, merely stated that it was a most difficult and long drawn out operation and treatment and would be very expensive, and no complaint is made as to the answer, as no motion was made to exclude same.

■ It is no doubt true that a plaintiff cannot recover for medical expense unless the same has been paid or she is liable for same, but the jury could have inferred a legal obligation on the plaintiff to reimburse her father the sums he had paid out in her behalf. She was an adult and offered to reimburse him, and his declination was not absolute, and the jury could infer that he expected reimbursement under certain conditions. 41 C. J. p. 19, § 13.

■ We do not think the trial court abused its discretion in permitting the jury to view the place of the injury, and the record discloses no occurrence or circumstance that would call for placing the trial court in error in this respect. Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278.

■ There was no error in refusing the defendant's requested charge D-20. True, the doctrine of stopping and looking and listening as applicable to those crossing railroad tracks may not apply to this defendant, but the charge under consideration relieved the defendant of any duty to stop, or to look or to listen—to neglect all. We do not think a driver at the intersection of a street would be permitted by the law to close his eyes or to fail to keep a lookout for other vehicles or pedestrians. Ivy v. Marx, 205 Ala. 60, 87 So. 813, 14 A. L. R. 1173.

■ Nor was there error in refusing defendant's requested charge D-21. We cannot say, as matter of law, that the defendant was under no duty to blow his horn at the intersection of the streets under the circumstances disclosed. True, this collision occurred a few days before the adoption of the Highway Code (Act No. 347 of 1927), but ordinary care may have placed this duty upon him, independent of the Highway Code. Reaves v. Maybank, 193 Ala. 614, 69 So. 137.

■■ The next insistence is that the defendant was entitled to the general charge under its pleas of contributory negligence. The defendant not only failed to prove the negligence charged to the plaintiff in his special pleas, but the plaintiff's uncontradicted evidence shows that she did warn and remonstrate with Kohn as to the rate of speed he was going. The other charges argued as bearing upon the plaintiff's contributory negligence were either faulty or fairly covered by the oral charge of the trial court.

■ It is urged by the appellant that the verdict was excessive, and for this reason his motion for a new trial should have been granted, and this involves the only important or doubtful question in any of the assignments of error. Counsel for the appellant has cited us to several cases where there was the loss of an arm, and the verdict was for much less than the one here rendered, where the arm was not amputated. This case, however, cannot be controlled by these cases, as it is certainly different and embraces many elements of anguish and suffering, present and future, not involved in these other cases. In the first place, the evidence shows a serious injury to the plaintiff's kidney, an almost wreckage of her nervous system, and, while the arm has not been amputated, it is greatly disfigured, is not now, and cannot in the future,

be of any use to the plaintiff. It has not been lost, it is true, but she must go through life burdened with an almost useless member, a care and reminder of her unfortunate condition and which may cause her indescribable moments of physical pain and mental anguish. Here we have a healthy young woman with her life ahead of her, injured internally, with an impaired nervous system, and burdened with an arm that not only disfigures her looks, but which will be a constant source of care and suffering. Indeed this case is sui generis, and the other cases as to the total loss of a limb cannot be conclusive upon this court as to the measure of damages. This is a case which naturally aroused the sympathy and passion of the jury and which strongly appeals to the sympathy of this court, but we must not fall into the perhaps pardonable error of the jury in letting our sympathy overcome our duty. The defendant plead a partial satisfaction of the damages to the extent of $14,000, paid by Kohn, and the trial court instructed the jury to deduct this sum from the amount of their verdict. The jury rendered a verdict for $36,000—thus, in effect, awarded the plaintiff $50,000 as damages. This we think without precedent and excessive. We therefore think, and so hold, that a judgment against this appellant for $20,000 in addition to the sum of $14,000 paid by the other defendant, Kohn, should be the proper legal compensation for the damage sustained. Finding no reversible error in the case other than excessive damages, under the terms of section 6150 of the Code of 1923 the appellee is given the right to remit all damages in excess of said $20,000 as against this appellant within 30 days, and, if such remittitur is filed with the clerk of this court within said 30 days, the judgment of the circuit court will be affirmed. If the appellee fails to file said remittitur within the time prescribed, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded conditionally.

GARDNER, BOULDIN, and FOSTER, JJ., concur.