(122 So. 661)

## ATLANTIC COAST LINE R. CO. v. R. L. COOPER LUMBER CO. (4 Div. 349.)

Supreme Court of Alabama. Jan. 24, 1929.

Rehearing Denied May 30, 1929.

Arrington & Arrington, of Montgomery, for appellant.

Sollie & Sollie, of Ozark, and J. C. Fleming, of Elba, for appellee.

BROWN, J. This is an action on the case, by the appellee against the appellants, for negligently causing the destruction of the plaintiff's property by fire.

The plaintiff offered evidence going to show that plaintiff's mill and lumber yards at Elba, in Coffee county, were located near the defendant's tracks, and on the 8th of September, 1924, about 6 o'clock p. m., after the mill had shut down, defendant's servants in charge of the operation of engine No. 720 engaged in switching cars on the spur tracks near the mill; that the engine emitted live sparks "in large and unusual quantities and size"; that the wind was blowing in the direction of the mill, and at 6:30 p. m. a fire started about 40 feet from the edge of the tracks in some "lumber ends" under a shed, and consumed the property.

The defendant offered evidence going to show that the locomotive was, at the time, properly equipped with spark arrester and such other appliances as were used on well-regulated railroads for the prevention of fires; that the same were in good condition; that the locomotive was at the time properly and skillfully handled; and that on the occasion it did not emit sparks in large and unusual quantities or size.

There is no positive evidence that the fire was communicated to the property by sparks from the locomotive, or that the locomotive was improperly equipped or negligently handled. This was at most left in inference to be drawn by the jury from the circumstances given in evidence.

On the cross-examination of the witness White, defendant's "mechanical foreman" at Dothan—who testified on direct examination that he inspected the locomotive on September 7th, and also on the 9th of September (the day before and the day after the fire), and that its spark arresting apparatus was in good condition—the plaintiff developed testimony showing that the witness continued to inspect this locomotive once a month for as much as three months, after the fire; that it had the same spark arresting apparatus which continued in the same condition; and that this locomotive was used on this same track of defendant's lines from time to time, making trips to and through Elba.

■ In rebuttal, the court, over defendant's timely and appropriate objection, allowed the plaintiff to show by one Kelly: That the witness worked for the Cooperage Company, about the mill, and about six weeks after the mill was burned, this same locomotive engaged in some switching on these same tracks; that there was out west of these tracks, referred to as the "Y," a plot of grassy ground. Before the engine began to switch on this last occasion, there was no fire, but that a fire "showed up there after the engine began to switch, and the grass burned off in between the tracks, the fire was on the outside." That witness had worked there three years before the fire that burned plaintiff's property, and during the years he worked there, there was no other fires than the two testified about "while that engine 720 was switching."

The defendant made motion to exclude this evidence on the grounds, among others, that the circumstances occurring six weeks after the fire in question were too remote to shed light on the issue; that it was not shown that on this occasion the locomotive emitted sparks of unusual size or in unusual quantities; and this motion was overruled.

We are of opinion that the court committed error in overruling the objection to the evidence and in refusing to exclude it.

As before stated—and this is conceded by the appellee—the question of whether the locomotive was negligently equipped or negligently handled, on the occasion of the fire which destroyed plaintiff's property, was a matter resting in inference to be drawn by the jury, and the only probative force that can be accorded the testimony of the witness Kelly is that from the circumstances detailed by him, the jury could draw an inference that the burning of the grass on the grassy plot of ground was caused by the negligent equipment or operation of the locomotive on that occasion, and from this inference might infer that it was so equipped or operated on the occasion plaintiff's property was burned.

■ It is a well-established rule that an inference cannot be grounded upon another inference. "The fact used as the basis of the inference, the terminus a quo, so to speak, must be established in a clear manner, devoid of uncertainty." Chamberlayne, Modern L. of Ev. § 415; 10 R. C. L. 870, § 13; Gadsden General Hospital v. Bishop, 209 Ala. 272, 96 So. 145. In Diel v. Missouri Pac. R., 37 Mo. App. 454, the court observed: "To hold that the fact thus inferred or presumed at once becomes an established fact, for the purpose of serving as a base for a further inference or presumption, would be to spin out the chain of presumptions into the regions of the barest conjection." See, also, United States v. Ross, 92 U. S. 281, 23 L. Ed. 707; Atchison, Topeka & Santa Fé R. Co. v. Baumgartner, Adm'r, 74 Kan. 148, 85 P. 822, 10 Ann. Cas. 1094, and note, page 1096, where the cases are collected.

For the error in admitting this testimony, the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

## On Rehearing.

BROWN, J. The authorities cited by the appellee in no way militate against the holding in the foregoing opinion that the court erred in refusing the motion of appellant to exclude the testimony of the witness Kelly. In Alabama G. S. R. Co. v. Clark, 136 Ala. 457, 34 So. 917, it was shown *as a fact that the cotton was fired* by the defendant's engine, after it had been spread out to dry, and that other engines had passed and repassed the same place without setting fire to the cotton, while here it was not even shown that the engine, in switching on the occasion subsequent to the fire, emitted sparks in large and unusual quantities, and there was nothing in the testimony of said witness or any other evidence going to show that the subsequent fire did not originate from other causes than sparks.

In Louisville & N. R. Co. v. Malone, 109 Ala. 509, 20 So. 33, the evidence of other fires was held admissible "because the defendant *itself first offered proof* as to the equipment of all of its engines, and expert evidence to the effect that it was impossible for an engine, equipped as were defendant's engines, to communicate fire as it was alleged to have been communicated in the case on trial, and that plaintiff could then rebut this proof by proof that such equipment did allow fires to be communicated by such engines when passing houses located as was his house that was injured. It was there said that but for defendant's evidence the plaintiff's would not have been admissible." Douglass v. Central of Georgia R. Co., 201 Ala. 395, 78 So. 457. Here the defendant offered no such evidence, but the supposed predicate for the rebuttal evidence was elicited on cross-examination by the plaintiff.

In Atlanta & St. A. B. R. Co. v. Spivey, 211 Ala. 520, 100 So. 759, plaintiff was permitted to show that on the occasion that the plaintiff's property was alleged to have been destroyed, "about one-half mile above where plaintiff's property was destroyed, * * * some trash was * * * ignited by sparks from the [same] engine."

In Southern Railway Co. v. Stonewall Insurance Co., 177 Ala. 327, 334, 58 So. 313, 314 (Ann. Cas. 1915A, 987), this court took cognizance of the rule of evidence laid down in 33 Cyc. 1373, now urged as opposed to our holding, and it was there said:

"The general rule as to the admissibility of evidence of this nature is, we think, correctly stated in the Cyclopedia of Law and Procedure as follows: 'Where the engine alleged to have caused the fire is not clearly or satisfactorily identified, evidence as to the general condition of other engines of defendant of the same general appearance and construction, and under similar conditions, at about the same time and place, in respect to throwing sparks or coals capable of setting fire, is admissible as tending to show a negligent habit on the part of defendant as to the construction, equipment, and management of its engines, and therefore as tending to show negligence in that respect in the particular case, and as tending to show a probability that the fire originated from an engine of defendant.' 33 Cyc. 1373 (3). 'In the absence of direct evidence, evidence that other fires originated from defendant's engines under like conditions at or about the same time, either before or after the fire in question, is generally admissible as tending to show a negligent habit on the part of defendant company in the construction, equipment, and management of its engines, and therefore as tending to show such negligence in the possibility and consequent probability that the fire was set by an engine of defendant, especially where the particular engine which caused the fire is not identified.' 33 Cyc. 1371 (2). See, also, to the same effect, 2 Shearman & Redfield on Negligence (5th Ed.) § 675; 13 A. & E. Ency. Law (2d Ed.) 515.

"Whether the logic of the limitation, which confines the use of other instances to those occurring *at or about* the time of the fire in question, is impeccable or not, is not now open to inquiry in this state, for this court is thoroughly committed to the limitation. L. & N. R. R. Co. v. Miller, 109 Ala. 500, 19 So. 989; L. & N. R. R. Co. v. Malone, 109 Ala. 509, 519, 20 So. 33; A. G. S. R. R. Co. v. Johnston, 128 Ala. 283, 294, 29 So. 771; A. G. S. R. R. Co. v. Clark, 136 Ala. 450, 34 So. 917; B. R. L. & P. Co. v. Martin, 148 Ala. 8, 15, 42 So. 618."

In none of the cases cited by the appellee was the salutary rule that a mere inference cannot be made the predicate for another inference—conceded by appellee to be sound—invoked or applied, and regardless of this rule the testimony of Kelly does not measure up to the standard of admissibility.

Application overruled.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.