**(131 So. 905)**

### GOSLIN–BIRMINGHAM MFG. CO. v. GANTT.
### 6 Div. 642.

Supreme Court of Alabama.
Nov. 20, 1930.

Rehearing Denied Jan. 29, 1931.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

Fort, Beddow & Ray, of Birmingham, for appellee.

BROWN, J.

It was shown without dispute that the deceased workman was on June 7, 1929, when he claimed to have received an injury, in the employ of the petitioner as a machinist engaged in operating a metal planer, a machine used for planing metal; that on the third day thereafter he gave notice to the superintendent in charge that he had been injured and was unable to work. After leaving his work, he went immediately home, and was under the care of a physician up until his death on August 5, 1929. Among other physicians attending him were. the physicians of the insurance carriers for petitioner, who visited and examined the workman at petitioner's request.

The immediate cause of death was septicæmia—blood poisoning—resulting from an infection of the hymalyticus type of streptococcus germs which destroy the red blood corpuscles, producing anemia and lessening the resistance of the system to throw off and overcome an attack of disease.

It is conceded by petitioner that there was some legal evidence going to show that the workman received an injury from accident arising out of and in the course of his employment as the result of a blow on his body in the region of his left breast, causing a hematoma—in the language of one of the medical experts—"that is to say, a pocket of blood in there, which would have been due to either a small or a large blood vessel letting the blood out into the tissues."

No one saw the deceased workman stricken, but immediately after his injury he was discovered in a kneeling position, apparently suffering pain, and was assisted to his feet by a fellow workman.

Taking this as its premise, petitioner's contention is that, the fact of the injury itself resting in inference, another inference cannot be indulged that injury caused or accelerated the workman's death; that this would be resting one inference upon another, which is not permissible.

It is well established in the law of evidence that a fact resting in inference cannot be made the predicate for another inference. Atlantic Coast Line R. R. Co. v. Cooper Lumber Co., 219 Ala. 484, 122 So. 661; Gadsden General Hospital v. Bishop, 209 Ala. 272, 96 So. 145.

But we are not of opinion that the question as to whether or not 'the injury accelerated the workman's death is dependent wholly upon the fact of injury. The evidence of some of the medical experts goes to show, though it be conceded that the streptococcus germ was present in the blood at the time of the injury, that such injury would increase the activeness of the germs and create a more fertile field for their growth. We quote from Dr. Beddow: "You may have these germs floating around in the blood waiting for a suitable chance to localize. You ask me whether or not the situation that I found there could result from a heavy blow on the body in that region, and I say I think so—theoretically, anyhow. Specifically, I could not say whether the man was already suffering from an infection and got a bruise or hit, or whether this following the bruise. I saw him after it all occurred. * * * I saw him after he had the abcess. It seems reasonable that a man who was puny and not in robust health would be more suscepti-

ble and less resistant to infection. That sort of a man in that condition of health, if he received a heavy blow, would be more likely to become infected than a man who had not received a heavy blow. * * * The type of germ which I have referred to as being present in the body of Mr. Gantt may get into the skin through a very minute abrasion, for instance, through the duct or oil glands. * * * Some of the germs of this kind are acute. If a man were yellow and anemic and had the streptococcus germ, a blow would be liable to stir up the germ."

Speaking further of the effect of hematoma, this witness says: "In the beginning this blood is red, and as it breaks down, the iron forms a black material, which shows up black through the skin, and it finally fills out and becomes brown. These hematomas are much more prone to infection than ordinary tissue. There is no resistance to infection in hematomas, but there is in tissue. Hematoma is a blood tumefaction."

There is more evidence of like character, but we deem this sufficient to show that there was some legal evidence to sustain the conclusion of fact entered of record.

If the injury sustained produced blood poison, and this produced the workman's death, the death was the proximate result of the injury. Armstrong, Adm'x v. Montgomery Street Railway Co., 123 Ala. 233, 26 So. 349.

The writ of certiorari will be denied and the judgment affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.