198 So. 350

**JOHNSON v. LOUISVILLE & N. R. CO.**
**et al.**

**7 Div. 304.**

Supreme Court of Alabama.
Oct. 10, 1940.

Rehearing Denied Nov. 14, 1940.

220

Denson & Denson, of Birmingham, for appellant.

Gibson & Gibson, of Birmingham, for appellees.

224

BROWN, Justice.

This is the third appeal by the plaintiff, Johnson v. Louisville & N. R. Co., 220 Ala. 649, 127 So. 216; Johnson v. Louisville & N. R. Co., 227 Ala. 103, 148 So. 822.

On the last trial, before the case went to the jury, the plaintiff amended his complaint by withdrawing counts one and two thereof, and the case was submitted to the jury under counts "A" and "B", the general issue—not guilty—and pleas of contributory negligence designated by letters from B to N. Special pleas F, G, H, I, K, L, M and ·N are addressed to both counts A and B, and special pleas B, C, D, E and J are addressed to count B.

█ Said pleas addressed to said counts A and B, each and all, aver as a fact that plaintiff after becoming aware of his peril from said fast approaching train committed·the alleged negligent act set up in the plea thereby proximately contributing to his injury, and the demurrers to said pleas were overruled without error. Johnson v. Louisville & N. R. Co., 227 Ala. 103, 148 So. 822; Hurt v. Southern Ry. Co., 205 Ala. 179, 87 So. 533; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543.

But appellant insists that the averments of count B, predicated on the negligence of the defendant Weaver as engineer in the operation of the engine pulling the train, were sufficiently broad to cover such negligence in failing to use all the means at his command, known to skillful engineers, to stop or slacken the speed of the train after .Weaver discovered plaintiff's peril, giving time for the automobile to clear the track, and therefor said special pleas addressed to count B were omissive in failing to. aver that plaintiff, after becoming aware of his peril, committed the alleged negligent act or acts—the predicate of the plea,—and were therefore subject to the demurrer.

█ This may be conceded, still the plaintiff is not entitled to a reversal of the judgment. He.had· the full benefit of the last clear chance doctrine under count "A," and the court charged the jury .in one or more of the special instructions given at plaintiff's instance, "that in order for contributory negligence to defeat a recovery for subsequent negligence it must be the negligent act or omission of the person injured with knowledge on his part of the then impending peril." Plaintiff's given charges 6, 5, 9 and 16.

█ The overruling of the demurrers to the pleas of contributory negligence addressed to count B was innocuous for another reason. The testimony of the witness Cecil Ledbetter, given on recall, when considered in connection with the other evidence, in its light most favorable to the plaintiff, and the burden resting on the plaintiff to show that Weaver actually discovered the automobile in peril of being run upon by his engine in time to avert the collision, by the use of all the means at his command, known to skillful engineers, left the question to speculation—pure and simple—a choice between conjectures, and was wholly insufficient to justify the court in referring this question to the jury. St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609; 89 So. 70; Smith v. Eudy et al., 216 Ala. 113, 112 So. 640.

The substance of this witness' testimony is, that he was standing on the "piazza" of his home near the crossing looking in the direction from which the train approached, and saw the engine coming, and when the engine was about three hundred feet from the crossing the engineer was in the window with his face toward the crossing. At this juncture, according to one phase of the evidence, the automobile was on the highway some distance from the crossing. Another view supported by plaintiff's testimony was that the automobile was slowly approaching, capable of being stopped within a few feet; that it approached the crossing and stopped behind a string of box-cars parked on the side track, some fifteen feet from the northbound main line on which the train was approaching, the box-cars and an embankment blocking or obscuring the view of the plaintiff so he could not see the train, and when the engine was within ninety feet of the crossing plaintiff slowly drove his automobile across the

space between the point where he had stopped, over the side track and intervening space and when his front wheels passed over the east rail of the northbound main line the engine struck his automobile. The train was moving between thirty-five and fifty miles per hour.

To repeat, Ledbetter testified that the engineer, at three hundred feet distance from the crossing, was in the window with his face toward the crossing. This testimony would probably support an inference that at that moment the engineer was looking ahead, but this does not meet the burden of showing actual discovery of peril. It must be further inferred that he continued to look ahead toward the crossing, and that he discovered the automobile moving forward to go upon the main line in time to stop before reaching the crossing, or in time to give warning signals or check the speed of the train to allow the slow-moving automobile to pass over before the engine reached the crossing—all inferences to be drawn from the fact that the engineer was in the window with his face toward the crossing. It is well settled that it is not permissible to build inference upon inference which leads to pure conjecture or guess. Atlantic Coast Line R. Co. v. R. L. Cooper Lumber Co., 219 Ala. 484, 122 So. 661; Goslin-Birmingham Mfg. Co. v. Gantt, 222 Ala. 321, 131 So. 905; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324.

The engineer did not testify on the last trial, but did testify on the former trial. Our conclusion, expressed on the second appeal [227 Ala. 103, 148 So. 829], "that there was at least a scintilla of evidence that presented a jury question under the subsequent negligence count", was based on the testimony of Weaver on the second trial, that he saw and observed the automobile until his engine passed over the crossing, in connection with the other evidence in that case. In that respect the case presented on the record before us is different.

The evidence not being sufficient to justify the submission of the issue of subsequent negligence to the jury, special written instructions given at the request of the defendant as well as instructions in the court's oral charge dealing with that issue, if error, were without injury to the plaintiff. Special charges 11, 13, 15, 19, 24, 27, 28, 32, 34, 'W, 1B, 5B, 6B, 7B, and the excerpts from the oral charge, the bases of assignments of error 80, 87 and 89, are in that class.

The instruction in the oral charge of the court that "The burden of proof is upon the plaintiff to reasonably satisfy you from the evidence that plaintiff is entitled to recover before you can find a verdict for the plaintiff"—the predicate for assignment of error 88—states a correct proposition of law. Cardwell v. Louisville & Nashville R. R. Co. 185 Ala. 628, 64 So. 564; Louisville & Nashville R. R. Co. v. Jones, 191 Ala. 484, 67 So. 691; Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294. These authorities justify the giving of defendant's written charges 3x and 4x.

Defendant's given charges 10, 12, 16, 17, 18 and 20 were pertinent to the issues presented by the defendant's pleas of contributory negligence, addressed to both counts of the complaint, are fundamentally sound, and were given without error. Johnson v. Louisville & Nashville Railroad Co., 227 Ala. 103, 148 So. 822.

Defendant's special charge 31 to the effect that if the jury "are reasonably satisfied from the evidence in this case that the plaintiff sustained his injuries as a proximate result of an unavoidable accident, your verdict should be for the defendant, Louisville & Nashville Railroad Company," was sound in principle, was pertinent to the issues and the evidence in the case, and hence properly given. Alabama Produce Co. et al. v. Smith, 224 Ala. 688, 141 So. 674.

The question of allowing the jury to view the railroad tracks and the crossing where the collision occurred was addressed to the discretion of the trial court, and in the circumstances disclosed by the record it can not be affirmed that the court's discretion was abused. White v. Thorington, 219 Ala. 101, 120 So. 914.

The verdict returned by the jury, "We the Joury find the issue in this case to be an unavoidable accident," while neither orthographically or grammatically correct, nevertheless when interpreted in the light of the evidence and the court's instructions, it is clear that the finding by the jury was that plaintiff's injuries were the result of an unavoidable accident in so far as the defendants were concerned, and this conclusion is supported by the

226

great weight of the evidence. It was not error, therefore, for the court to direct the jury to retire and put the verdict in usual form as a verdict for the defendants. Wilson v. Federal Land Bank of New Orleans, 230 Ala. 75, 159 So. 493.

We have examined the several rulings of the court relating to objections to the admission of evidence and argument of counsel and find nothing that would justify a reversal of the judgment.

 There was evidence, which if believed, justifies the verdict. The motion for new trial was overruled without error. Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 So. 796.

No reversible errors appearing on the record the judgment is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.