22 So.2d 428

**RUTLEDGE v. BRILLIANT COAL CO.**

6 Div. 325.

Supreme Court of Alabama.

May 31, 1945.

J. J. Curtis, Pennington & Tweedy, and Carl A. Elliott, all of Jasper, for appellant.

42

Ernest Fite and Fred Fite, both of Hamilton, and Arthur Fite, of Jasper, for appellee.

FOSTER, Justice.

This is an action for damages by appellant against appellee, claiming that appellee conducted coal mining operations near Clifty Creek, wherein appellee caused coal to be washed and the waste water to pour into the creek and contain coal dust, slack, cinders, muck and other débris, and to flow from Clifty Creek into New River, which flows by plaintiff's land, and in February and March, 1943, the river overflowed its banks covering certain land of plaintiff, and causing a deposit upon his land of a large amount of sludge, depreciating its value, and also polluted the water, and made it useless for domestic purposes,

After a three-day trial, there was a verdict and judgment for defendant, and plaintiff has prosecuted this appeal.

We will treat the contentions of appellant to the extent and in the order in which they are argued in brief.

### Assignment of Error No. 1.

This assignment relates to the refusal of a new trial on motion of plaintiff.

It is first insisted that the verdict is contrary to the great preponderance of the evidence. Section 276, Title 7, Code.

There was much competent and pertinent evidence tending to support their respective contentions. Plaintiff contended that the value of some of his bottom land was damaged by one-half for farming purposes; that it was adapted to growing corn and its production of corn was to that extent depreciated; that the corn stalks did not mature but were dwarfed and ruined.

The trial was had in October, 1944, when the corn was still outstanding. There was much conflict as to its yield. The court permitted the jury to view the land pending the trial and to see the corn and the extent of the deposit of sludge and its effect on the land. Samples of the soil were taken and introduced in evidence, and samples of the water from the creek and from defendant's sludge pond. None of it is before us.

Defendant had much expert evidence tending to show that the productivity of the land was not impaired, and the scientific reasons for so thinking.

We cannot say that the preponderance of the evidence was so greatly in favor of plaintiff as that we should reverse the trial judge in not granting the motion for a new trial. Johnson v. Louisville & Nashville R. Co., 240 Ala. 219 (12), 198 So. 350. Much could be said about the evidence to support the verdict, but there seem to be many other cases against this appellee, and also against another coal mining operation on the same creek, for damages for the same cause, and many of plaintiff's witnesses are plaintiff's in similar cases; so that a discussion of the evidence would not be appropriate.

In the argument of this motion, assignment number 5 is also involved. It goes to the action of the court in permitting the jury to view the premises of plaintiff claimed to be damaged and the washing operations of defendant. This was done on mo-

tion of defendant, and over the objection and exception of plaintiff. We note that there was nothing claimed to have occurred during the occasion of the trip by the jury, accompanied by the trial judge and interested parties, and counsel, which was of itself improper, other than the fact of the trip and inspection by the jury.

 The power of the court to order such an inspection is unquestioned in this State. Its exercise is in the sound discretion of the trial court. Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278; White v. Thorington, 219 Ala. 101, 120 So. 914; Johnson v. Louisville & Nashville R. Co., supra. There are of course many others which could be cited.

The ruling of the trial court either to grant or refuse a motion to have the jury view the locus will not be reversed unless the power was clearly abused. U. S. Cast Iron P. & F. Co. v. Granger, 172 Ala. 546, 55 So. 244.

The evidence was in dispute as to the effect of the sludge on the corn productivity of the land. Corn was then outstanding on it. To see it as it stood would greatly aid the jury in reconciling this conflict. The same is true as to the amount of sludge cast on the land, and how it affected it. They could look at the land to see the extent of it in the soil, and its apparent effect. Likewise, the nature of defendant's operations and the kind of waste water flowing from the washer and where it was discharged, and how it reached the creek and what it looked like. There was evidence that the operation was then as it had been for several years in all respects material to the inquiry, although there was a conflicting tendency of some of it as to that. The exercise of the discretion of the judge in any case is to be controlled by the issues involved and the status of the evidence, and its inferences, and to aid the jury in understanding the issues and appraising the evidence. 64 Corpus Juris 88–89. We do not think the discretion of the judge was abused in permitting the jury to visit the premises.

Appellant also insists that the motion for a new trial should have been granted because of what the judge said to the jury after they came into the court from their deliberations on the case, and reported that they were unable to get together on a verdict. The court made certain statements to the jury, to which no exception was taken by either party. It is not therefore reversible error. Phoenix Ins. Co. v. Moog, 81 Ala. 335, 1 So. 108.

Counsel for plaintiff were present in court at the time of the occurrences and made no sort of objection, and took no exception. The remarks of the judge did not seem to be subject to the criticism made in the Moog case, supra, or in De-Jarnette v. Cox, 128 Ala. 518, 29 So. 618, even if a proper objection had been made. Louisville & Nashville R. Co. v. Johnson, 204 Ala. 150, 85 So. 372; Ashford v. McKee, 183 Ala. 620, 62 So. 879.

It results that for two reasons the remarks of the judge cannot be made the basis of a reversal. One is that counsel were present and made no objection and took no exception. The other is that the remarks did not in our opinion tend to coerce the jury or intimidate them as to their verdict, and did not relate to the law of the case, and were not improper or prejudicial.

We have considered the other assignments of error, which have been argued by appellant's counsel, and find no merit in any of them, but they do not seem to need a discussion.

There was no error apparent in the matters submitted for our consideration, and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.