91 So.2d 670

**ATLANTIC COAST LINE RAILROAD COMPANY**

v.

**A. M. DUNIVANT.**

6 Div. 789.

Supreme Court of Alabama.

Nov. 29, 1956.

Rehearing Denied Jan. 10, 1957.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

Peyton D. Bibb, Graham, Bibb, Wingo & Foster, Birmingham, for appellant.

**422**

LAWSON, Justice.

A. M. Dunivant brought suit in the circuit court of Jefferson County against Atlantic Coast Line Railroad Company to recover damages for personal injuries alleged to have been sustained by him while he was in the employ of the defendant as a freight train conductor and while engaged in the line of duty handling interstate commerce.

The original complaint consisted of four counts. Count 1 sought to charge liability on averments that the condition of the locomotive or appurtenances thereto violated the Boiler Inspection Act, 45 U.S.C.A. § 23. In Counts 2 and 3 plaintiff based his right to recover upon an alleged violation of the Safety Appliance Act, 45 U.S.C.A. § 2. Count 4 averred negligence generally in the language of the Federal Employers' Liability Act, 45 U.S.C.A. § 51. The defendant's demurrer to the complaint and to the several counts thereof being overruled, the defendant pleaded the general issue in short by consent in the usual form.

The plaintiff, at the conclusion of his evidence, withdrew Counts 1 and 4 and the cause went to the jury on Counts 2 and 3 and the defendant's plea of the general issue in short by consent. There was jury verdict in favor of the plaintiff in the amount of $12,500 and costs. Judgment was in accord with the verdict. The de-

fendant's motion for a new trial being overruled, it appealed to this court.

The defendant argues that the judgment appealed from should be reversed because of four alleged errors: (1) The court erred in overruling its demurrers to Counts 2 and 3 of the complaint; (2) the court erred in excluding certain evidence offered by the defendant; (3) the court erred in refusing to give affirmative instructions requested by the defendant as to each of the counts on which the cause went to the jury; (4) the court erred in overruling the grounds of the motion for a new trial which take the point that the verdict was contrary to the great weight of the evidence.

The assignments of error which challenge the correctness of the judgment overruling the demurrer to Counts 2 and 3 are argued in brief of appellant in such a general way as to leave us uncertain as to the exact grounds of the demurrer which appellant considers to have been well taken. The rule is that when complaint is made of the trial court's action in overruling a demurrer, we consider only those grounds adequately argued in brief filed on behalf of the appellant. Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164. However, we will consider the grounds of the demurrer which we understand the argument made in brief to embrace.

One of the grounds of the demurrer takes the point that Counts 2 and 3 are defective in that they fail to aver that negligence of the defendant was the proximate cause, in whole or in part, of the plaintiff's alleged injuries. While that ground is not specifically mentioned in argument made in appellant's brief, we assume it is relied upon since in its brief appellant quotes from our case of Alabama Great Southern R. Co. v. Smith, 256 Ala. 220, 54 So.2d 453, 458, placing emphasis on the following statement: "In so doing, the Federal Employers' Liability Act furnishes the vehicle so the complaint [violation of the Federal Safety Appliance Act or of the Federal Boiler Inspection Act] must allege negligence as there specified. Although it is so

alleged, proof of a violation of either act complies with plaintiff's duty to prove negligence as alleged."

■ Neither of the counts which went to the jury charges defendant with negligence, hence we feel that the language of the Smith case, supra, last quoted above, although not necessary to a decision in that case, must be considered. After further study we are of the opinion that a count seeking damages because of the violation of the Federal Safety Appliance Act need not contain the formal charge of negligence.

■ Cases of this kind are governed by acts of Congress and by federal decisional law. Brown v. Western Ry. of Alabama, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100; Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 206 F.2d 153.

Although relief in Safety Appliance violation cases is pursued under the Federal Employers' Liability Act, Texas & Pacific Ry. Co. v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874; Alabama Great Southern R. Co. v. United States of America, 5 Cir., 233 F.2d 520, which is basically a form of action predicated upon negligence, the violation of the Safety Appliance Act being itself an actionable wrong in no way dependent upon negligence, Carter v. Atlanta & St. Andrews Bay Ry. Co., 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236; O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed 187; Affolder v. New York, C. & St. L. R. Co., 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683, there is no necessity for the complaint in a Safety Appliance violation case to contain a formal allegation of negligence. In the O'Donnell case, supra [338 U.S. 384, 70 S.Ct. 205], the Supreme Court of the United States admonished the profession to recognize the distinction which that court had made previously between federal Safety Appliance violation cases and negligence cases, saying in part as follows:

"Pleadings will serve the purpose of sharpening and limiting the issues only if claims based on negligence are set forth separately from those based on violation of the appliance acts."

In Byler v. Wabash R. Co., 8 Cir., 196 F.2d 9, 11, it was said:

"Where liability for injury on the part of a common carrier engaged in interstate commerce is predicated on its failure to comply with the requirements of the Safety Appliance Act, it is not necessary to *allege* or prove negligence on behalf of the carrier other than failure to comply with .the Act. Compliance with the Act is an absolute duty and any failure in this regard resulting in injury to an employee gives rise to liability. The statutory duty can not be satisfied by the exercise of reasonable care but if it appears that the appliance was defective or out of repair, *or failed properly to function* at the time the injuries were received, no importance can be given to the question of whether or not this condition was attributable to negligence on the part of the carrier." (Emphasis supplied.)

See Zumwalt v. Gardner, 8 Cir., 160 F.2d 298; Atlantic Coast Line R. Co. v. Shields, 5 Cir., 220 F.2d 242.

In some cases it has been said that a formal allegation of negligence should be disregarded as surplusage where the complaint charges a violation of 'the federal Safety Appliance Act. Colwell v. St. Louis-S. F. Ry. Co., 335 Mo. 494, 73 S.W.2d 222, and cases cited.

We hold that Counts 2 and 3 are not demurrable because of the absence of formal allegations of negligence and that the trial court did not err in overruling the ground of the demurrer which took that point.

Count 2, after alleging that the defendant was engaged in business as a common carrier by railroad in interstate commerce and the employment of the plaintiff by the defendant as a freight conductor in such commerce, alleges that on a certain date at a named place plaintiff, while engaged in and about his work as a freight conductor

for the defendant, was injured when his left heel was caught between the knuckle of the coupler on one of defendant's engines and the knuckle of the coupler on one of its cars. After describing the injury received by him, plaintiff alleges in Count 2 that such injury "proximately resulted, in whole or in part, from the defendant hauling or permitting to be hauled or used on its line a railroad car, equipped with a coupler that did not couple automatically on impact as required by the Federal Safety Appliance Act, generally known as the Automatic Coupling Act, Title 45 U.S.C.A. § 2, an act of the Congress of the United States enacted for the protection and benefit of employees of common carriers by railroad engaged in interstate commerce."

Count 3 is in the identical language of Count 2 except that it charges the defendant with the operation of an engine equipped with a coupler that did not couple automatically on impact, whereas Count 2 relates to the operation of a car with such a coupler.

 understand the appellant to contend that the Supreme Court of the United States in the Affolder case, supra, held that the failure of couplers to couple upon impact is in itself an actionable wrong only if at least one of the couplers is in an open position so as to operate on impact. We further understand the appellant to consider that since neither count alleges that one of the couplers involved was open, the counts are therefore demurrable. In the first place, we can find no ground of the demurrer which takes that point. Moreover, appellant cites no case which holds that such an averment must be made in cases of this kind and we understand the Affolder case, supra, to hold no more than that the railroad has a good defense against liability under the Federal Safety Appliance Act if the evidence shows that the knuckles on both of the couplers were closed at the time of impact.

We are of the opinion that the averments in Counts 2 and 3 are substantially in the language of the so-called Automatic Coupling Act, Title 45 U.S.C.A. § 2, and that none of the grounds of demurrer which we understand the appellant to have argued in brief filed here were well taken. We hold, therefore, that no error is made to appear in connection with the trial court's action in overruling appellant's demurrer.

 In the past there has been considerable confusion as to what is required of railroads under the Safety Appliance Act with reference to automatic couplers. In the case of O'Donnell v. Elgin, J. & E. Ry. Co., supra, and Carter v. Atlanta & St. A. B. Ry. Co., supra, the Supreme Court of the United States set forth in what was an apparent attempt to end this confusion, that whether the couplers in question worked properly on other occasions was immaterial, the question being " 'did the couplers in question couple on impact at the time in question?' " And, as indicated above, in Affolder v. New York, C. & St. L. R. Co., supra, it was said that by way of defense the railroad could show that the knuckles on both of the cars in question were closed at the time of the attempted coupling. Therefore, the evidence in the present case as to whether or not the couplers had operated properly on other occasions, or their condition after the injury, was not improperly withheld from the jury. Atlantic Coast Line R. Co. v. Brown, 93 Ga.App. 805, 92 S.E.2d 874, 876.

We come now to a consideration of the contentions made by appellant that it was entitled to the general affirmative charge with hypothesis as to both counts that went to the jury.

 We will not undertake to make a detailed analysis of the testimony as given by all of the witnesses, thereby showing the conflicts and discrepancies claimed in brief of appellant, for in considering the question as to whether the defendant was entitled to affirmative instructions requested by it we must consider the evidence in the light most favorable to the plaintiff below, the appellee here, and must allow such rea-

sonable inferences as the jury were free to draw, not inferences which we may think the more probable. Atlanta & St. Andrews Bay Ry. Co. v. Burnett, 259 Ala. 688, 68 So.2d 726.

When so viewed the evidence is in substance as hereafter set out. During a switching operation in the defendant's yard in Bessemer, Alabama, an attempt was made to couple the engine of a freight train of which the plaintiff was conductor, to a gondola car. After the motion had ceased, the plaintiff, believing that the coupler on the engine and that on the car were securely coupled inasmuch as they appeared to be meshed and engaged, went between the engine and the car and stepped on the left front footboard of the engine with his right foot, reached up with his right hand and caught hold of a circular rod around the front of the engine high up, stepped with his left foot on top of the two couplers, pulled himself to a standing position with his left foot on top of the two couplers, and looked over inside of the gondola car to inspect its contents so as to determine what, if anything, to do with the car, since he did not have a switch list in his possession. After the inspection was completed but before the plaintiff removed his left foot from the couplers, the gondola car suddenly moved back toward the engine and caught plaintiff's foot between the knuckles of the coupler on the engine and the coupler on the gondola car, severely mashing the plaintiff's heel. The gondola car then backed away from the engine and plaintiff's foot was thereby released. The coupling had not been effectuated, although the coupler on the engine was open and the evidence shows that it is not necessary that both couplers be open but that only one need be open in order to effectuate a coupling. There is evidence also to the effect that the couplers were properly set to make the coupling. There is some evidence to the effect that the coupling was attempted on a curve, but we do not understand this fact to be of any particular significance inasmuch as it has been held that the fact that the attempted coupling took place on a curve does not relieve the railroad of the duty of having cars equipped with couplers that couple on impact without the necessity of a man going between the cars. Atlantic Coast Line R. Co. v. Brown, supra, and cases cited.

■■ Under the law applicable to cases of this kind as enunciated by the Supreme Court of the United States in the cases to which we have already referred, we are constrained to the conclusion that the evidence, or the reasonable inferences to be drawn therefrom, was such that the affirmative charges requested by the defendant were properly refused. We have not overlooked the fact that appellant contends that since the evidence shows that the coupler on the gondola car was closed that it was entitled to the affirmative charge as to Count 2, irrespective of any other consideration. We cannot agree with this insistence, for it assumes that the failure to couple was due entirely to a defect in the coupler on the engine, which we do not understand the evidence to show, and it was not incumbent upon the plaintiff in this case to show a defect in either coupler. Affolder v. New York, C. & St. L. R. Co., supra.

We consider next whether the trial court erred in overruling those grounds of the motion for new trial which take the point that the verdict was contrary to the great weight of the evidence.

■■ We have said that where there is evidence which, if believed, justified the verdict the motion for new trial is properly overruled. Johnson v. Louisville & N. R. Co., 240 Ala. 219, 198 So. 350. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial the presumption in favor of the correctness of

the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530.

 After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, supra.

The able counsel for the appellant in reply brief complains bitterly of the extent to which the courts have gone in upholding recovery in cases of this character and those brought strictly under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. We will not undertake to reply to that criticism in any way other than to say again that in these cases we are governed by the acts of Congress and federal decisional law.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.