(92 South. 548)

## ALABAMA GREAT SOUTHERN R. CO. v. MIMS. (6 Div. 624.)

(Supreme Court of Alabama. April 20, 1922.)

**1. Evidence ⬩473 — Testimony of witness train did not slacken speed held shorthand statement of fact.**

In an action for the killing of a cow by a railroad train, testimony by a witness who had been seeing and hearing trains all her life that she was close enough to tell whether or not it slackened or increased its speed, and that she heard no sounds of the brakes like a train makes when stopping, was admissible as a mere shorthand rendering of facts.

**2. Evidence ⬩543(4)—Witness held qualified to testify as to value of registered cow.**

A witness who had kept posted on the price of cattle and was familiar with the price of high-bred registered cattle, having attended most of the state sales during the past year, was competent to testify as to the value of a registered cow killed by defendant's train, though he had never seen the cow.

**3. Railroads ⬩446(10) — Negligence in not slacking speed of train killing animal held for jury.**

In an action against a railroad company for killing a cow, evidence *held* sufficient to take to the jury the question whether the engineer negligently failed to slacken the speed of his train, notwithstanding his testimony to the contrary, which was inconsistent with the force with which the cow was struck.

**4. Railroads ⬩446(10)—Question whether engineer saw animal going on track held for jury.**

Evidence *held* sufficient to take to the jury the question whether defendant's engineer saw plaintiff's cow approaching before she went upon the track, notwithstanding his testimony that he did not see her, and that there were obstructions to his view.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by R. P. Mims against the Alabama Great Southern Railroad Company for damages for killing a fine Holstein cow. There was judgment for the plaintiff in the sum of $300, and the defendant appealed. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The first count was in simple negligence and in the usual form.

Mrs. R. P. Mims was asked the following questions:

"Were you close enough to tell whether or not the train slackened its speed or increased its speed from the time it started to blowing until it crossed over the crossing?"

Smith, Wilkinson & Smith, of Birmingham, for appellant.

Counsel discuss the assignments of error relative to the evidence, but without citation of authority. They insist that the charges requested and refused should have been given, and in support thereof they cite the following: 41 South. 425; 80 Ala. 615, 2 South. 738; 85 Ala. 481, 5 South. 173; 192 Ala. 494, 68 South. 356; 79 Ala. 216; 80 Ala. 73; 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21.

Goodwyn & Ross, of Bessemer, for appellee.

The court did not err in the admission of the testimony of Mrs. Mims. 136 Ala. 126, 34 South. 349; 100 Ala. 110, 14 South. 862. One need not be an expert to testify as to the value of the stock. Section 3960, Code 1907. The court properly denied the defendant the affirmative charge. 131 Ala. 671, 31 South. 21.

ANDERSON, C. J. [1] The trial court did not err in permitting Mrs. Mims to testify that she was close enough to the train to tell whether or not it slackened or increased its speed, and that she heard no screeching of wheels or grinding of the brakes like a train makes when stopping. The witness said that she had been seeing and hearing trains all of her life, and this testimony called for a mere shorthand rendering of facts as to which she could testify. McVay v. State, 100 Ala. 110, 14 South. 862; Rollings v. State, 136 Ala. 126, 34 South. 349.

[2] Usually when a witness knows the thing he does not have to be an expert to give an opinion as to its value. The witness Hatcher did not know the cow in question and his evidence as to her value was an opinion based upon a hypothesis, but we think that his testimony disclosed such a familiarity with the market prices of such cattle of the class to which this cow belonged as to render his evidence as to her value competent. He said he had kept posted on the price of cattle, and that he was familiar with the price of high-bred registered cattle at the time of the trial and had attended most of the state sales during the past year. He also based his opinion, in part, on the way cattle had been selling for the past 18 months. True, he said he knew more about Jerseys than other breeds, but he said he knew a "good deal about all cattle, more or less," and that he kept up with and made a "study of the market so far as sale of all kinds of cattle are concerned."

[3] The trial court did not err in refusing the general charge for the defendant as to count 1. Whether or not the defendant's evidence overcame the prima facie case made out by the plaintiff was a question for the jury. True, the engineer testified that he

resorted to all proper means to stop the train before striking the cow, that the engine was properly equipped, and that he applied the brakes before he saw this cow because he saw others further up the track, but there were conflicting inferences. Mrs. Mims was listening to the train and heard nothing to indicate the slackening of the speed. Moreover, the engineer claimed to have applied the brake a considerable distance up the track when discovering other cows. He said, "I applied the brakes on account of other cows back towards Bessemer." He saw these cows at least 400 feet away, and they were 50 or 60 feet north of the crossing, where the cow in question was struck, so, if he applied the brakes and shut off the steam for these other cows, the engine must have been at least 450 feet north of this cow when he did so; yet a witness testified that the signs indicated that the train was going with such force as to knock the cow "some 40 or 50 feet below the crossing."

[4] It was also a question for the jury as to whether or not the engineer saw the cow approaching before she reached the track as he was looking ahead. He said he did not, and testified to some facts tending to obstruct the view, but it was for the jury to determine, as the track was straight, and the witness Hammet said that there were some trees near the point, but that they were 75 or 100 feet from the track. Cent. of Ga. R. R. v. Turner, 145 Ala. 441, 40 South. 355.

Defendant's other refused charges were substantially covered by its given charges. In fact, defendant's given charge 2 was more favorable as to the principle involved than the refused ones.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.