96 So.2d 453

**William Jewel WEEKS**

**v.**

**Venera Copland WEEKS.**

**6 Div. 461.**

Court of Appeals of Alabama.

June 28, 1957.

J. N. Butler Powell, Cullman, for appellant.

Julian Bland, Cullman, for appellee.

HARWOOD, Presiding Judge.

Suit below was in detinue, the plaintiff being the estranged wife of the defendant. The personal property sued for was mainly of a housekeeping nature, though some articles of clothing were also claimed.

The jury returned a verdict in favor of the plaintiff, and assessed the alternate value of the property at $281.52.

The defendant's motion for a new trial being overruled, appeal was perfected to this court.

The only assignment of error argued was the failure of the jury to assess separately the value of each article sued for, rather than the lump sum alternate value as was done in the verdict and judgment.

Section 921, Title 7, Code of Alabama 1940, in reference to detinue, provides:

"Upon the trial, the jury must, if they find for the plaintiff, assess the value of each article, separately, if practicable, and also assess damages for its detention; * * *."

This statute is designed to afford protection to the respective parties, and is for their benefit. Townsend v. Brooks, 76 Ala. 308. Its benefits may therefore be waived. Ballard v. First National Bank of Birmingham, 261 Ala. 594, 75 So.2d 484.

In the trial below the court instructed the jury as follows:

"In arriving at your verdict if you are reasonably satisfied from all the evidence that the plaintiff is entitled to recover, then the form of your verdict would be: 'We the jury find for the plaintiff for the property sued for and assess its alternate value at blank dollars.' "

Before the jury retired the court again instructed the jury as to the possible verdicts to be returned, again repeating the instruction above set out in the event the verdict should be for the plaintiff.

At the conclusion of his second instruction to the jury the court inquired of counsel: "Any further instructions?" to which counsel for the plaintiff replied: "We are satisfied," and counsel for the defendant, appellant here, replied: "That's all."

Thus, counsel for appellant not only acquiesced in the instructions of the court, but in effect announced his satisfaction therewith.

Failure to object to the giving of instructions ordinarily operates as a waiver of any defect therein, and instructions to which no objection is taken become the law of the case, governing the jury. See 88 C.J.S. Trial § 425.

The appellant in this case must be deemed to have waived any objection he may have had to permitting the jury, under the instructions of the court, to assess a lump sum alternate value rather than to assess the value of each article separately.

Nor do we think that under the evidence the court could have been more definite in its instructions to the jury.

In her redirect examination, the plaintiff testified as to the value of the articles sued for as follows:

"A. My sheets $12.00; pillow cases $5.52; my scarves and doilies would be worth $3.00; my cake plate $2.00 and my dishes $4.00; window shades $6.00; curtain rods $2.00; quilts $30.00; and my personal belongings would have a value of $20.00 and my mattress and springs would have been $55.00 and my

bed room suite and the vanity and chest of drawers would have been worth $129.00 because I bought it myself.

"Q. Did you give the value of the machine? A. No, I have not gotten to that yet, the sewing machine $15.00."

It is to be noted that several of the articles were grouped for valuation, such as personal belongings, dishes, mattress and springs, bed room suite and vanity and chest of drawers. No attempt at a more individualized valuation was sought on cross examination.

The statute provides that the value of each article must be assessed when practicable. Under the evidence an individual valuation of each article was not practicable.

Affirmed.