307 So.2d 697

Sarah S. **WHETSTONE** and W. D. Whetstone, Jr.

v.

C. E. **CAUDLE.**

Civ. 479.

Court of Civil Appeals of Alabama.

Jan. 29, 1975.

Bill Thompson, Talladega, for appellee.

Bell & Lang, and Jerry L. Fielding, Syl-
acauga, for appellants.

**302**

HOLMES, Judge.

The suit below filed June 10, 1972, was in detinue. The appellee claimed of the appellants two automobiles with an alternate value. The appellee made a detinue bond and thereafter the appellant made a forthcoming bond and retained possession of the automobile.

The trial was had before a jury in March of 1974. The jury found for appellee, assessing an alternate value of $2,500. Judgment was entered thereon and thereafter appeal was perfected to this court.

Able and distinguished counsel for appellant has presented numerous assignments of error urging reversal. This court will address itself to those assignments of error and discuss the facts as they relate to the assignments of error.

Appellant first argues that the trial court erred to reversal in refusing to allow him to examine the plaintiff-appellee, on *voir dire* as to the basis of plaintiff's knowledge of the condition of one of the automobiles. We do not believe the trial court erred in this regard.

The request for *voir dire* examination addresses itself to the discretion of the court. McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780. We do not think the trial judge abused his discretion in denying appellant's request for *voir dire*. We point out that appellant was able to bring out on cross-examination the basis of appellee's knowledge of the condition of one of the automobiles.

Appellant next urges error in the trial court's action in overruling appellant's motion to exclude the testimony of plaintiff relative to the value of one of the automobiles, a Chevrolet.

The pertinent facts as revealed by the record as to value are that:

Appellee was the previous owner of the Chevrolet and sold it to Mr. W. D. Whetstone in late 1970 for $2,661. He testified that he had seen it around town several times since he sold it to Mr. Whetstone, and that he was familiar with the condition of the automobile on June 19, 1972, date of the filing of the law suit. He was also able to give an opinion as to its value.

Nonexperts may give their opinions as to the value of an article with which they are acquainted or familiar. Southern Ry. Co. v. Morris, 143 Ala. 628, 42 So. 17. See also Tit. 7, § 367, Code of Alabama (1940). The competency of the witness is a question for the court. Tucker v. Houston, 216 Ala. 43, 112 So. 360. In light of appellee's testimony as to his familiarity with the vehicle, we cannot say the trial court abused its discretion.

Appellant's third and fourth argued assignments of error are that the trial court erred in overruling appellant's objection to a witness testifying as to the value of the Chevrolet automobile and the refusal to exclude such testimony upon proper motion.

The record shows that the witness, Mr. Faulkner, was a used car salesman and had been self-employed for two years; that in that period he had bought and sold approximately 1,200 cars. Prior to becoming self-employed in his own used car business he had been a salesman for both new and

used cars for approximately two years with another car dealer.

Mr. Faulkner testified that he had never seen the automobile in question,.but that he did have and could state an opinion as to its value. This opinion was based on the value of cars of different makes, years, and conditions as recorded in the "Black Book," published by Automobile Dealer's Association weekly. Mr. Faulkner testified that this book—referred to as a car dealer's Bible—was relied upon by car dealers and banks in assessing car values. Relying upon appellee's prior testimony as to the condition of the car, by referring to the "Black Book," the witness was able to estimate the value.

While the book was not introduced into evidence, we do not think the trial judge erred in allowing Mr. Faulkner to testify as to the value, relying in part on the book. An otherwise duly qualified witness may be permitted to base his testimony as to the market value of a commodity, in part at least, upon newspaper or trade journal quotations. 29 Am.Jur.2d, Evidence, § 892. See also Tit. 7, § 385, Code of Alabama (1940).

Nor do we think the court erred in admitting Mr. Faulkner's testimony as to the value of the Chevrolet even though he had never seen the car. The Alabama Supreme Court, in Alabama Great Southern R. Co. v. Mims, 207 Ala. 331, 92 So. 548, allowed a witness to testify as to the value of an article even though he had not seen the item but was so familiar with the market prices involved as to render his testimony competent. We find a similar set of circumstances before us in this appeal and, following the holding of our supreme court, find no error in the admissibility of Mr. Faulkner's testimony as to the value of the Chevrolet.

Mr. Faulkner also testified as to the value of the other automobile, a Chrysler. Appellant contends that the trial court erred in not excluding this testimony relative to the value. The record, however, reveals that while appellant did object to a question as to whether or not Mr. Faulkner had an opinion on the value, there was no objection to Mr. Faulkner testifying as to the value of the Chrysler. The law in Alabama is that the trial court will not be put in error unless the matter complained about was called to its attention by objection or other appropriate method. Colburn v. Mid-State Homes, Inc., 289 Ala. 255, 266 So.2d 865.

Appellant's assignment of error 5 relates to the trial court's failure to grant a motion for judgment notwithstanding the verdict and the refusal of the trial court to direct a verdict in favor of appellants. This assignment of error is bottomed on the premise that plaintiff failed to prove alternate value.

In a detinue suit, the burden of proving the value of the property sued for and the value of its detention, if any, is upon the plaintiff. Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372. If the plaintiff in a detinue suit fails to prove alternate value as required by Tit. 7, § 921, Code of Alabama (1940), it is reversible error to refuse a defendant's requested affirmative charge. Gwin v. Emerald Co., Inc., 201 Ala. 384, 78 So. 758; Mackey v. Hall Auto Co., 27 Ala.App. 557, 176 So. 318; Chrysler Credit Corp. v. Tremer, 48 Ala.App. 675, 267 So.2d 467.

However, as seen from the above, there is testimony as to the value of the automobiles.

As already noted, appellant testified that he was familiar with the Chevrolet, having previously owned it and having seen it since selling it. Additionally, he was also able to estimate its value. Mr. Faulkner also was able to give his opinion as to the value of the Chevrolet.

Additionally, Mr. Faulkner, by relying on the previously discussed "Black Book" and the testimony of appellee that the Chrysler was in "average" shape, was able to give his opinion as to the value of the

Chrysler. As previously noted, no objection was made to Mr. Faulkner's opinion as to the value and the evidence was properly before the jury for its consideration. We would note the under our prior reasoning in allowing Mr. Faulkner's testimony relating to the Chevrolet, his testimony as to the value of the Chrysler would have been admissible over proper objections.

Thus, evidence as to value was indeed before the jury. The credit and weight to be given such evidence was, of course, a matter solely for the jury. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666.

Appellant's assignments of error 6, 7, 11, 12, 13, 14, 15, and 16 contend that the trial court erred in failing to give certain charges to the jury as requested by appellant. We note that this case was tried under the new Rules of Civil Procedure, which became effective July 3, 1973.

Accordingly, Rule 51 was in effect and is applicable in disposing of these assignments of error. The rule, in pertinent part, reads as follows:

"Rule 51

*"Instructions to Jury: Objection*

". . . No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ."

The Committee Comments following Rule 51 specifically state that under this rule, the party must, as a condition to the right to assert error on appeal, object to and state grounds therefor before the jury retires.

■ This court has carefully scrutinized the record and we find no objection to the court's failure to give the requested charges nor any grounds for such objection. While appellant did specially, by oral comment before the jury retired, touch upon the substance of some of the above referred to requested charges, his comments were simply an additional request to the trial judge and not an objection. Additionally, it appears that the trial judge, outside the presence and hearing of the jury, specifically informed counsel involved he would take exception as to charges. No exceptions were made by appellant. Rule 51 precludes our consideration of these assignments of error.

Appellant's assignment of error 8 contends that the trial judge entered into such extensive questioning of a witness as to appear to be an advocate.

■ The record does not indicate to us that the judge abused his discretion in questioning the witness. The questions asked by the trial judge were solely to determine the basis of Mr. Faulkner's opinion as to the values involved. The trial judge not only has the right to propound such questions to witnesses as may be necessary to elicit certain facts, but has the duty to do so if necessary to elicit proper evidence bearing on issues. Chambers v. Burgess, 50 Ala.App. 591, 281 So.2d 643. We find no abuse of this duty by the trial judge in his questioning, nor do we find any other remarks made by him to have resulted in prejudice to appellant.

Assignments of error 9 and 10 by appellant contend that the court erred to reversal in allowing two counsel of appellee to examine directly and cross-examine witnesses.

■ We find no merit in this contention under the facts of this case. Three law suits were consolidated and tried together. In one, the detinue action, appellee was the plaintiff and was represented by one counsel. In the other two, appellee was the defendant and was represented by a second counsel.

The Civil Rules of Procedure are now in effect and are designed to secure the "just, speedy and inexpensive determination" of civil actions. In light of this and in view

of the fact that multiple law suits were tried in which appellee was at once a plaintiff and a defendant represented by different counsel, we find no abuse of discretion, in this instance, by the trial judge in allowing multiple interrogation. We would note that there could well be instances wherein multiple interrogation could be prejudicial to a party.

Appellant's final argued assignment of error is that the trial court erred in entering a judgment that did not separately assess the alternate value of each of the two automobiles involved in the detinue action, but was a "lump-sum" value of the two vehicles.

The record reveals that the trial judge indicated that he had four verdict forms to send to the jury. Counsel for appellant signified in response to a question by the trial judge that he was "satisfied" these forms were the proper forms to send to the jury. The form pertinent to this appeal was read to the jury by the trial judge and reads as follows:

"We, the jury, find the issues in favor of the Plaintiff, C. E. Caudle, and against the Defendants, Sarah S. Whetstone and W. D. Whetstone, Jr. for the property sued for to-wit: one 1967 Chevrolet Impala four-door, serial number 1636995110718, and one Chrysler 300 four-door, serial number CM 43663225528, or the alternate value of ————. It would be your duty to insert the amount that you feel in the exercise of your sound discretion under the rules I have previously given to you the amount, the alternate value, that you feel that the Plaintiff, C. E. Caudle, would be entitled to. . . ."

No objection was made by the appellant to the form read after the judge had completed his charge.

Tit. 7, § 921, Code of Alabama (1940), does provide that the jury must, if they find for the plaintiff, assess the value of each article separately if practicable. This court has held that the statute is for the benefit of the parties, and its benefits may

be waived. Weeks v. Weeks, 39 Ala.App. 159, 96 So.2d 453.

In *Weeks, supra,* the court instructed the jury as follows:

"'In arriving at your verdict if you are reasonably satisfied from all the evidence that the plaintiff is entitled to recover, then the form of your verdict would be: "We the jury find for the plaintiff for the property sued for and assess its alternate value at blank dollars."'" (39 Ala.App. at 160, 96 So.2d at 454)

The Alabama Court of Appeals, through Judge Harwood, later Mr. Justice Harwood of the Alabama Supreme Court, held that by acquiescing in this instruction and by, in effect, announcing his satisfaction therewith, appellant had waived this objection. We find a similar set of circumstances here. Not only did appellant fail to object, but he actually announced himself "satisfied" with the verdict forms. Therefore, in accord with *Weeks, supra,* it is the opinion of this court that appellant has waived this objection.

Having considered all argued assignments of error, the judgment is due to be and is therefore and accordingly affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.