WRIGHT, Presiding Judge.
Plaintiff appeals from judgment for defendant in an action in tort arising out of an automobile collision.
The primary issue on appeal appears to be that the court erred in refusing to give, at the request of plaintiff, the following written charge:
“(3) The court charges the jury that if you are reasonably satisfied from the evidence that Lisa Golson was not on any mission for Carl Golson, the owner of the automobile, then plaintiffs are entitled to a verdict in their favor even if Lisa Gol-son was contributorily negligent.”
We find no error in refusing the charge for several reasons, any one of which is sufficient to affirm the judgment below.
A brief statement of relevant evidence is first made. Carl Golson is the owner of Golson Motor Company and was insured by Universal Underwriters Insurance Co. A new automobile was delivered to Golson Motor Company and was immediately included under the collision policy of Universal. Golson had been intending to give a car to his 17-year-old granddaughter, Lisa, as a present. Lisa drove the newly delivered automobile and liked it. The following day it was serviced and delivered to Lisa with the intent that it be hers and she was not expected to return it. The process necessary to secure a title certificate for the car in the name of Lisa was begun but not completed. On the same day of delivery to her, Lisa was driving some of her friends in the automobile along Interstate Highway 65 toward Montgomery. Observing an automobile on fire along the side of the highway, Lisa slowed down and/or stopped. Defendant collided with the rear of the car severely damaging it.. Universal paid Gol-son for the damage, less $250 deductible and brought a subrogation action against defendants to recover the amount of loss.
As a defense, defendant pleaded contributory negligence of Lisa. ■ After plaintiff rested, defendant moved for a directed verdict on the ground that the evidence disclosed that Golson was not the owner of the automobile but had transferred ownership by gift to Lisa. The motion was denied and was never thereafter renewed. Neither was the defensive pleading amended. The court at the completion of the evidence charged the jury as to negligence of defendant and as to contributory negligence of plaintiff. At the completion of the charge opportunity was given for objections. Both parties announced they were satisfied. There was no objection made to failure to give charge number 3 as is required by Rule 51, ARCP. Windsor v. General Motors Acceptance Corp., 295 Ala. 80, 323 So.2d 350 (1975); Whetstone v. Caudle, 54 Ala.App. 299, 307 So.2d 697 (1975). Thus no error may be charged to the court.
Most of the briefs on appeal concern the ownership of the Golson car. Plaintiff contending that ownership remained in plaintiff Carl Golson. Defendant argues that there was an inter vivos gift of the automobile to Lisa Golson. We are unable to determine the relevancy of this argument to the issue presented or to the issues presented by the trial court to the jury in its charge. As previously stated the charge was solely on the issue of negligence and contributory negligence. There was no charge concerning ownership of the automobile nor as to agency or lack of it. Regardless of what may be in the evidence or in. the minds of counsel at trial, the consideration of the jury is limited to the law of the case as stated in the court’s charge. W. T. Ratliff Co. v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974).
Though we have found no error because of a failure to comply with Rule 51, we note that the charge requested is defective in fact. The charge is in effect an affirmative charge as to the negligence of defendant and as to proximate cause. It directs the jury that plaintiffs are entitled *1067 to a verdict in their favor if the jury is reasonably satisfied that Lisa Golson was not on any mission for plaintiff Carl Golson. We do not consider other possible defects of the charge, but find its refusal not to be error. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ. concur.