This is a contract case.
Ralph Coleman sued Calvin Reid Construction Company to enforce a contract for the sale of land. The trial judge, sitting without a jury, found Reid Construction breached the contract and entered a judgment in favor of Coleman in the amount of $8,500. Reid Construction appeals and we affirm.
Reid Construction's' contentions on appeal are as follows:
(1) The trial judge erred in finding for Coleman in that the evidence did not conform to the pleadings. (2) There was insufficient evidence to support the trial judge's finding in favor of Coleman. (3) The trial judge erred in admitting Coleman's testimony as to his opinion of the value of the land.
The record viewed with the attendant presumptions reveals the following:
Reid Construction is a corporation engaged in the business of developing residential subdivisions. Coleman, along with two other individuals, Gamble and Royal, is the former owner of a 44 acre tract of land in Shelby County, Alabama.
On November 18, 1972, Gamble and Royal agreed to sell their interests in the 44 acres to Reid Construction for $60,000. On December 27, 1972, Coleman agreed to sell his interest provided that Reid Construction agreed to sell back to Coleman an acre or a lot in the 44 acre tract. Reid Construction accepted Coleman's terms and an instrument embodying the agreement was executed on that same day. The 44 acre tract was conveyed to Reid Construction in early 1973.
At the time the land was sold to Reid Construction, the parties contemplated that Reid Construction would develop the land into a residential subdivision. At the time of trial, no such development had taken place.
Reid Construction's agreement to sell back an acre to Coleman is the subject matter of this case. This agreement appears in the record as follows:
 Calvin Reid Construction Company, Inc., a corporation, agrees in addition thereto that Ralph E. Coleman may purchase one acre or lot, to be selected after same is subdivided and cost for the same shall be prorated to the cost of Calvin Reid Construction *Page 147 
Company, Inc., a corporation, as said lot or acre bears to the whole.
On at least two occasions, Coleman attempted to purchase an acre or a lot. On all occasions, Reid Construction refused to sell.
At trial, Coleman without objection, testified that it was the intent of the parties that Reid Construction was to develop the 44 acres and sell Coleman a lot or that, if Reid Construction did not develop the property, Reid Construction would sell Coleman an acre. Mr. Reid, the president of Reid Construction, testified without objection that Reid Construction had agreed to sell Coleman an acre or a lot but only after the land had been developed.
With respect to the value of an acre or a lot within the 44 acre tract, Mr. Reid testified that lots in a nearby residential subdivision sold for six to sixteen thousand dollars. On the same issue Coleman testified that he was familiar with the value of various tracts of land in the vicinity of the 44 acre tract and testified that in his opinion the value of a lot in the 44 acre tract would be $7,500 to $10,000 and that the value of an acre in the same tract would be $6,000 to $10,000. In addition, a real estate appraiser testified as to the value of lots in three nearby residential subdivisions. These values ranged from $8,000 per lot to $20,000 per lot.
 I
Reid Construction contends the trial judge erred in finding for Coleman on the ground that the evidence introduced at trial did not conform to the pleadings. Reid Construction argues that Coleman in his complaint averred that a conveyance of an acre or a lot was to take place on December 27, 1972; that no evidence in support of that averment was introduced at trial; and that all evidence offered by Coleman was to the effect that the conveyance was to be made at some time subsequent to December 27, 1972.
This averment appears in the record as follows:
 Plaintiff avers that the Defendant agreed to convey on to wit 27th Dec. 1972, one acre of land or a lot in land to be subdivided.
Under Rule 15 (b), ARCP, a pleading may be amended at any time, and if evidence is presented or an issue raised without objection, the pleadings are deemed amended to conform to the evidence. Coughlin v. Cain, Ala.Civ.App., 380 So.2d 883 (1980);Wilson v. Freeman, Ala.Civ. App., 376 So.2d 1096, writ denied, Ala., 376 So.2d 1099 (1979).
The record before us discloses no indication that Reid Construction objected to the presentation of evidence that the conveyance was to be made after December 27, 1972. Therefore, we find that the pleadings were amended to conform to the evidence by operation of Rule 15 (b).
In addition, we note the above quoted averment is somewhat ambiguous and is susceptible to two equally reasonable constructions; the first being that the conveyance was to take place on December 27, 1972, and, the second, that the agreement to convey was entered into on December 27, 1972.
Under Rule 8 (f), ARCP, all pleadings are to be construed so as to do substantial justice. To attain the goal pleadings are to be construed liberally in favor of the pleader. Bowing v.Pow, 293 Ala. 178, 301 So.2d 55 (1974); Rule 8, ARCP, Committee Comments. The trial judge could reasonably find that Coleman averred that the agreement to convey an acre or a lot was entered into on December 27, 1972.
We find no error regarding the above.
 II
Reid Construction's second contention is that there is insufficient evidence to support the findings of the trial court.
When, as in this case, the trial judge sits as the finder of fact and hears the testimony of the witnesses, his judgment is presumed correct and will not be reversed if it is supported by legal evidence and is not clearly wrong or unjust. Barbour v.State Department of Pensions and Security, Ala. *Page 148 
Civ.App., 367 So.2d 470 (1978), writ denied, Ala.,367 So.2d 472 (1979); 2A Ala. Digest, Appeal Error Keys 931 (1), 1010.1 (1), and 1010.1 (3).
In this case, the trial judge had the instrument containing the agreement of the parties before him. The trial judge heard Coleman testify, in pertinent part without objection, to the effect that the parties intended that Coleman have a lot if the 44 acre tract was developed or an acre if it was not developed; that he obtained the agreement to sell an acre or a lot from Reid Construction as part of the consideration given by Reid Construction for his interest in the 44 acre tract; and that he attempted to purchase an acre or a lot from Reid Construction and that Reid Construction refused to sell. The trial judge also heard the testimony of Mr. Reid, Mr. Coleman, and the appraiser on the value of the land.
After considering the above facts, we find that there was evidence to support the findings of the trial judge and that those findings were not clearly wrong or unjust. Specifically, the above quoted agreement states that Coleman "may purchase one acre or lot." An "acre" is a quantity of land containing 160 square rods in whatever shape, and can be circular, square, triangular, irregular, broad or narrow. Pigeon v. Hatheway,156 Conn. 175, 239 A.2d 523 (1968). In short, an acre is a unit of measurement that is suitable for use in describing one portion of a large unsubdivided, undeveloped, tract of land. On the other hand, the term "lot," when used in connection with a contemplated platting of acreage into a residential subdivision, means a fractional part of a block limited by fixed boundaries on an approved recorded plat. Wall v. AyrshireCorp., Tex.Civ. App., 352 S.W.2d 496 (1961). With these definitions in mind, we find that the trial judge could reasonably have construed the agreement to mean that Coleman would be entitled to purchase a portion of the 44 acre tract regardless of whether Reid Construction developed the tract into a residential subdivision.
We note that, in addition to the above, Reid Construction argues that the agreement to sell an acre or a lot was ambiguous and too vague to enforce. However, for the reasons set forth above and in light of the evidence presented at trial, we cannot say that the trial judge erred in finding an enforceable contract between the parties.
 III
Reid Construction's final contention is that the trial judge erred in allowing Coleman to testify as to his opinion of the value of an acre or a lot in the 44 acre tract. Specifically, Reid Construction argues that Coleman is not an expert on real estate values and that he is, therefore, incompetent to testify as to the value of the land.
It is the rule in Alabama that any person, including a layman, is competent to testify as to his opinion concerning the value of land if he has had an opportunity for forming a correct opinion and testifies in substance that he has done so.State v. Steele, Ala., 374 So.2d 325 (1979); State v. Woodham,292 Ala. 363, 294 So.2d 740 (1974). Further, the competency of a witness is a question addressed to the discretion of the trial judge, and his decision will not be reversed in the absence of an abuse of that discretion. Whetstone v. Caudle,54 Ala. App. 299, 307 So.2d 697 (1975).
As indicated above, Coleman was the previous owner of the 44 acre tract. He testified that he had bought and sold land in Shelby County and that he had obtained appraisals of several tracts of land in the vicinity of the 44 acre tract.
In light of Coleman's testimony as to his familiarity with land values in the vicinity of the 44 acre tract, we cannot say the trial judge abused his discretion in admitting Coleman's opinion testimony.
The above being dispositive, it is not necessary to address the other issues presented by Reid Construction.
For the reasons stated above, we find that the judgment in favor of Coleman is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 149