BRADLEY, Judge.
Randolph County, Alabama filed an action in the Circuit Court of Randolph County against Robert Jeff Parker, seeking damages for the destruction of an automobile owned by the county and used by the Randolph County sheriff. Parker answered by denying the allegations of the complaint and trial was had, resulting in a verdict for the county in the amount of $5,750. Parker appeals.
In brief here, Parker argues that the trial court committed reversible error by permitting the jury to view the wrecked vehicle and by overruling his motion for a directed verdict at the close of the plaintiffs case.
Randolph County favored this court with a one paragraph, one page brief that did not attempt to controvert the issues raised in Parker’s brief.
The facts show that Parker was operating a truck loaded with his own furniture in the Town of Wedowee when the brakes failed and the truck crashed into the parked county vehicle. The county vehicle was heavily damaged, and it was removed to a storage lot near the county courthouse.
During the trial the jury was permitted to go to the storage lot and view the wrecked county vehicle. Such view was permitted even though some seven months had elapsed since the collision, rust spots had appeared on the car, the trunk lid was open, the police radio had been removed, and several tires were flat. Parker objected to the jury’s viewing the car, but his objection was overruled.
Parker says that the court erred in overruling his objection because the viewing was prejudicial to him since it served no purpose other than appealing to the emotions of the jury. He relies on the case of Louisville & Nashville Railroad v. Pearson, 97 Ala. 211, 12 So. 176 (1893). In the cited case the trial court admitted, over objection, a shoe worn by a brakeman who had been crushed by a boxcar on which he was attempting to set the brakes. A hand hold on the boxcar had given way as the brakeman attempted to climb to the top of the ear, and he fell under the wheels of the boxcar and was crushed. The issue was whether the railroad was negligent in not properly maintaining hand holds on the boxcar. The court said that admittance into evidence of the deceased’s shoe was prejudicial because its only effect was to excite the passions of the jury since the relevancy of this evidence to the plaintiff’s case was never shown.
In the case at bar the viewing of the wrecked vehicle was relevant to the plaintiff's case because the value of the vehicle both before and after the accident was an issue in the trial of the case. Therefore, we do not consider the cited ease to be apt authority for a decision in the present case.
In deciding whether to grant or refuse a motion to view, a trial court considers such factors as the issues involved, the status of the evidence and its inferences, and whether a view will aid the jury in understanding the issues and appraising the evidence. Rutledge v. Brilliant Coal Co., 247 Ala. 40, 22 So.2d 428 (1945).
We would note that before the viewing was permitted the trial court pointed out to the jury that the car had been sitting out in the weather since the accident, that the police radio had been removed from the car, that several tires were now flat, and that rust spots were now present on the vehicle.
Because of the relevancy of the view to one of the issues in the case, i.e. *1195 the value of the vehicle and the possibility that a view would enable the jury to better understand the value issue and thereby to better appraise the evidence in that regard, we do not find that the trial court abused its discretion in allowing the jury to view the wrecked car. This conclusion is even more valid due to the fact that the trial court instructed the jury prior to the view on the present condition of the vehicle.
The other issue is whether the trial court erred in overruling Parker’s request for a directed verdict. Parker contends that the county failed to prove that it had been damaged. He says that the sheriff could not testify as to the value of the vehicle because he was not the owner and was not qualified as an expert. Thus, the sheriffs testimony could not be considered as proof of damages.
Fred May was the sheriff of Randolph County, and, although his office was not the owner of the vehicle, his deputies used the vehicle in the performance of their duties. He testified that he was familiar with the vehicle and its condition, and he considered it to be worth $6,200 to $6,500 before the collision and to be worthless to him afterwards.
The competency of a witness to testify as to the value of property is largely addressed to the discretion of the trial court. Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678 (1959). And, a nonexpert witness may give his opinion as to the value of property if he is familiar with it or acquainted with it. Whetstone v. Caudle, 54 Ala.App. 299, 307 So.2d 697 (1975).
Since the sheriff testified that he was thoroughly familiar with the wrecked vehicle, the trial court did not abuse its discretion in permitting him to testify as to the value of the vehicle before and after the collision.
Parker also argues that the testimony of Wendall Hood, an automobile salesman who testified as an expert, was insufficient because the witness had no personal knowledge of the condition of the car before the accident and no knowledge of the treatment the vehicle received during the time between the collision .and the trial.
Although Mr. Hood testified that he had no personal knowledge of the value of the vehicle in question just before the accident, he did say that he had been an automobile salesman for twenty-five years and had bought and sold automobiles of the same make and model as the car involved in the collision.
The expert witness testified as to the before-value of the car, based on a hypothetical question, not on his personal knowledge of the value of the vehicle in question. In the absence of personal knowledge, an expert witness may give his opinion as to value of personal property based on a hypothetical question. Thurman v. Thurman, 454 So.2d 995 (Ala.Civ.App.1984). Moreover, whether a witness will be allowed to testify as an expert is addressed to the sound discretion of the trial court. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982).
The trial court did not abuse its discretion in allowing the expert witness to testify to the value of the vehicle before the accident based on a hypothetical question.
Parker also contends that the trial court erred in allowing Mr. Hood to give his opinion as to the value of the car at the time of trial. He says that the expert did not view the vehicle until just before the trial and that the car was not in the same condition as it was in right after the collision.
The testimony of Hood as to the value of the car after the accident was made known to the jury to be based on the condition of the car at the time of trial. The jury, as well as the witness, was aware that the car had been exposed to the elements for several months and that it was not in the same condition it was in immediately after the collision. The weight that such evidence is to be given is clearly a matter for the jury. Whetstone v. Caudle, supra. Additionally, we note that where *1196 the jury views the property in question, it is not bound by the value opinions given by expert witnesses. Whitman v. Housing Authority, 272 Ala. 245, 130 So.2d 362 (1961).
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.